**BUSHNELL et al., Appellants,**

**v.**

**MEAD CONTAINERS, Appellee.**

[Cite as *Bushnell v. Mead Containers* (1991), 72 Ohio App.3d 139.]

Court of Appeals of Ohio,
Fayette County.

Nos. CA90–07–009, CA90–07–010.

Decided Jan. 14, 1991.

*Manley, Burke & Fischer* and *Andrew S. Lipton,* for appellant Billy Ray Bushnell.

*Hapner & Hapner* and *James D. Hapner,* for appellant Grace Bushnell.

*Thompson, Hine & Flory* and *Thomas P. Whelley II,* for appellee.

KOEHLER, Judge.

This is an appeal from an order by the Fayette County Court of Common Pleas which purported to grant summary judgment in an intentional tort action by plaintiffs-appellants, Bill Ray Bushnell and Grace Bushnell.

In October 1983, Bill Ray Bushnell severely injured his hand in the rollers of a printer/slotter press at the Washington Court House, Ohio facility of his employer, defendant-appellee, Mead Containers ("Mead"). On October 18, 1985, Bill Ray Bushnell and Grace Bushnell, both individually and in their

capacity as guardians of their three minor children, initiated an action for intentional tort and loss of consortium against Mead.[1]

In December 1986, Mead filed a motion for summary judgment on the grounds that Bill Ray Bushnell could not maintain an action for intentional tort where the complaint was filed after expiration of the statute of limitations and where no genuine issue of material fact existed as to whether the accident giving rise to the complaint met the statutory definition of intentional tort. The trial court did not schedule a hearing on the motion. No response by Bill Ray Bushnell was filed until February 21, 1989, at which time Bill Ray Bushnell's new counsel of record put in his appearance. In the memorandum in opposition to the summary judgment motion, Bill Ray Bushnell argued that genuine issues of material fact had been raised and that the statute of limitations had not expired.

Mead's reply, filed in March 1989, argued *inter alia* that the matter should be dismissed for lack of prosecution due to the almost three-year interval between the filing of the summary judgment motion and Bill Ray Bushnell's response thereto. However, no motion to dismiss has ever been filed in this action. The matter finally came on for hearing on the motion for summary judgment on January 19, 1990. At the hearing, Mead again asserted the expiration of the statute of limitations as a basis for summary judgment and argued that the matter should be dismissed for lack of prosecution. In addition to asserting that the action was timely, Bill Ray Bushnell urged that the plaintiffs had had no obligation to answer the summary judgment motion since, under Civ.R. 56 and Fayette C.P.Loc.R. 4, the trial court was required to set a hearing date before the obligation of the party opposing summary judgment to file a response memorandum arose.

The trial court entered summary judgment in favor of Mead on June 6, 1990 on the sole basis that the delay by Bill Ray Bushnell in responding to the summary judgment motion evidenced a lack of prosecution justifying dismissal of the action.

Subsequently, on July 3, 1990, Grace Bushnell filed a notice of appeal with this court which was not served upon Bill Ray Bushnell. Upon discovering the appeal at the time this court put on a scheduling order, Bill Ray Bushnell quickly filed his own notice of appeal. We consolidated these two appeals on September 4, 1990.

Bill Ray Bushnell and Grace Bushnell each assign that the trial court erred in granting Mead's motion for summary judgment. We are inclined to

---

1. The plaintiffs in this action were represented by one attorney until February 1989, when Bill Ray Bushnell secured separate counsel.

agree with appellants herein that the trial court abused its discretion in granting summary judgment.

There appears to be some confusion in the instant matter as to the difference between a Civ.R. 56 summary judgment and a Civ.R. 41 dismissal. Summary judgment may only be granted where " * * * the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

Thus, summary judgment contemplates a consideration of the facts at issue. It is a decision based upon the merits.

By contrast, a dismissal under Civ.R. 41(B)(1) does not involve the facts of a case, and is merely procedural:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel,* dismiss an action or claim." (Emphasis added.)

Our review of the decision issued by the court below indicates that while the court designated the entry a "summary judgment," the court actually dismissed the action for lack of prosecution.

A trial court may only dismiss for lack of prosecution where notice of the motion to dismiss is first given to the plaintiff's counsel. *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App.3d 166, 166–167, 2 OBR 182, 182–183, 441 N.E.2d 299, 300–301. The purpose of this rule is "to afford plaintiff's counsel an opportunity to show why his client's case should not be dismissed with prejudice." *Id.* at 167, 2 OBR at 183, 441 N.E.2d at 301.

Clearly, the trial court gave no notice prior to the hearing that appellants would be called upon to oppose a motion to dismiss. Mead argues that no error resulted because Mead had previously raised the issue in its reply to Bill Ray Bushnell's summary judgment response memorandum. Additionally, Mead raised the issue of lack of prosecution at the conclusion of its oral argument on the summary judgment motion, and Bill Ray Bushnell's counsel briefly explained why dismissal for lack of prosecution was an inappropriate disposition of the action. Thus, according to Mead, implied notice was present. See *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 224, 6 O.O.3d 237, 239, 369 N.E.2d 800, 803 (trial court's *sua sponte* dismissal of action conforms with Civ.R. 41[B][1] notice requirement where notice may reasonably be implied). We are not convinced that a hearing which, in all respects,

was intended to encompass only the issue of the summary judgment motion properly provided the Bushnells with notice of and opportunity to respond to a Civ.R. 41(B)(1) motion to dismiss.

Even if we were to adopt Mead's argument that the Bushnells had proper notice of the court's intention to dismiss for failure to prosecute, we would nevertheless have to conclude that the trial court erred in dismissing the cause.

At all times pertinent to this action, the prevailing practice of the court below was subject to Fayette C.P.Loc.R. 4, which provides, in part, that "motions will be set for hearing unless all parties waive oral hearing." This rule places the burden of setting a hearing date upon the trial court, rather than requiring either party to request an oral hearing on the summary judgment motion.

Civ.R. 56(C) provides, in part:

"The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits."

Thus, appellants did not have an obligation to respond to the summary judgment motion by memorandum in opposition until a short time prior to the scheduled hearing.

We believe the trial court's attitude in dismissing the cause was unreasonable, since it appears to have been the trial court's own failure to set a hearing date upon the summary judgment motion which caused the delay. Where a dismissal is unreasonable, arbitrary or unconscionable, the trial court abuses its discretion in so dismissing. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126, 437 N.E.2d 1199, 1201.

For the foregoing reasons, we sustain the Bushnells' assignments of error.

Finally, Mead urges that the appeal filed by Grace Bushnell, while timely, should not be entertained by this court because Grace Bushnell's cause of action is derivative and must rely upon Bill Ray Bushnell's intentional tort claim. We decline the invitation to address this issue, finding as we do that the order entered below was an abuse of discretion requiring vacation of the judgment entry. Although Grace Bushnell's action could not stand on its own, as a party to the claim under Civ.R. 19.1(A)(2) she was not precluded from appealing a decision of the trial court which served to extinguish any possibility of recovery on her part. Mead also asserts that because the Bushnell marriage was in its demise, and indeed concluded shortly after the initial filing of the complaint, Grace Bushnell had no basis for a loss of

consortium claim. We find that this issue was not addressed by the court below and cannot constitute a basis for a decision by this court. *State, ex rel. Specht, v. Oregon Bd. of Edn.* (1981), 66 Ohio St.2d 178, 182, 20 O.O.3d 191, 193, 420 N.E.2d 1004, 1007.

It is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and vacated. This cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment accordingly.*

HENDRICKSON, J., concurs.

JONES, P.J., concurs in part and dissents in part.

JONES, Presiding Judge, concurring in part and dissenting in part.

I agree that the summary judgment granted by the trial court must be reversed, but only as to appellant Grace Bushnell. Summary judgment was journalized June 6, 1990. Grace Bushnell filed her notice of appeal July 3, 1990, within thirty days as required by App.R. 4(A). The same Appellate Rule also says, in part:

" * * * if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed. * * *"

The record reveals that Bill Ray Bushnell's notice of appeal was not filed until *August 7, 1990,* and therefore his appeal should be dismissed *sua sponte* as this court is without jurisdiction to entertain same.