INA, Appellee,

v.

**GEORGE FRAAM & SONS, INC. et al.; Levin et al., Appellants.**

[Cite as *Ina v. George Fraam & Sons, Inc.* (1993), 85 Ohio App.3d 229.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005364.
Decided Jan. 27, 1993.

*Albert Ina, pro se.*

*Arnold S. Levin* and *A. Alan Borazanian,* for appellants.

*George Fraam, pro se.*

*Charles M. Hyman; Lee Fisher,* Attorney General, and *Gregory S. Severance,* Assistant Attorney General; *Gregory A. White,* Lorain County Prosecuting Attorney; and *Thomas E. Lenahan,* for appellants.

CACIOPPO, Judge.

Intervening defendants-appellants, Robert M. Levin, Frank K. Levin, and Arnold S. Levin, appeal the trial court's dismissal of their counterclaim for failure to prosecute. We reverse.

On March 14, 1989, the trial court dismissed this lawsuit pursuant to a settlement agreement entered into by parties other than appellants. We reversed that dismissal as to appellants' counterclaim because the trial court had not afforded appellants proper notice. *Ina v. George Fraam & Sons, Inc.* (Aug. 1, 1990), Lorain App. No. 90CA004765, unreported, at 2, 1990 WL 108760. Further, we found that upon reinstatement of appellants' counterclaim, the trial court, within its discretion, could permit appellants to amend their pleadings. *Id.* at 5, 1990 WL 108760.

After the trial court reinstated the counterclaim to its active docket, appellants filed a motion to amend their counterclaim and attached the proposed amended counterclaim. The trial court denied appellants' motion to amend on October 5, 1990. Appellants then filed several documents with the court in conjunction with their original counterclaim, including a motion for a default judgment against the plaintiff, a motion to vacate the trial court's order striking the amended counterclaim and for leave to file an amended counterclaim, a motion for leave to file a supplemental complaint and join Jeleg Investment Co. as a party, and a motion for leave to file summary judgment against defendants. On March 20, 1992, nearly a year and a half after appellants filed these motions, the trial court notified appellants that their counterclaim would be dismissed for failure to prosecute unless they could show good cause. The trial court dismissed with prejudice appellants' counterclaim for failure to prosecute on April 6, 1992.

### Assignment of Error No. I

"The court erred by dismissing appellants' counterclaim with prejudice without ruling on appellants' (a) application for default judgment against plaintiff, (b) motion for default judgment against plaintiff, (c) motion to vacate order striking amended counterclaim and for leave to file amended counterclaim, (d) motion for leave to file supplemental complaint and join Jeleg as a party, (e) motion to

vacate judgment striking amended counterclaim, (f) motion for leave to file motion for summary judgment against defendants and a new party."

Civ.R. 41(B)(1) allows a trial court to dismiss an action with prejudice for failure to prosecute after the court has provided claimant with sufficient prior notice. The power to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court; however, the court does not have unbridled authority to impose this harsh sanction. *Gooslin v. Fortado* (1992), 80 Ohio App.3d 373, 375, 609 N.E.2d 235, 236; *Dever v. Lambert Ford, Inc.* (May 9, 1990), Summit App. No. 14388, unreported, at 4, 1990 WL 65319. An abuse of discretion will be found where the trial court has not considered other less drastic alternatives. *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 222–223, 6 O.O.3d 237, 238–239, 369 N.E.2d 800, 802–803; *Gooslin, supra,* at 3. This court has opined that:

" * * * [A] trial judge's lack of patience is understandable. A dismissal with prejudice, however, is an extremely harsh sanction. It affects not only the suit dismissed but, because it acts as a decision on the merits, also controls questions of fact in other related cases. The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. * * * " *Schreiner,* 52 Ohio App.2d at 222–223, 6 O.O.3d at 238–239, 369 N.E.2d at 802–803.

In this case, the court did not consider other alternatives to a dismissal for want of prosecution. Moreover, we find lacking a failure to prosecute by appellants; the trial court left several of appellants' motions pending for over a year, and then gave notice of its intent to dismiss the case for want of prosecution. We find this to be an abuse of discretion, and remand this case to the trial court for rulings on the pending motions filed in this action.

Appellants' first assignment of error is well taken.

### Assignments of Error

"II. The court erred by not granting appellants' application and motion for default judgment against plaintiff.

"III. The court erred by failing to grant appellants' motion for leave to file motion for summary judgment.

"IV. The court erred by (a) failing to grant appellants' motion for leave to file supplemental counterclaim and join Jeleg Investment, Inc. as a new party, (b) failing to grant appellants' motion to vacate order striking amended counterclaim, (c) failing to grant appellants' motion for leave to file amended counterclaim and supplemental counterclaim."

Given our disposition of appellants' first assignment of error, appellants' second, third and fourth assignments of error are moot.

The trial court's order dismissing appellants' counterclaim for lack of prosecution is vacated, and the cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and COOK, J., concur.