HOLT, Appellant,

v.

AYERS et al., Appellees.

[Cite as *Holt v. Ayers* (1998), 127 Ohio App.3d 535.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18744.

Decided May 6, 1998.

*William T. Whitaker*, for appellant.

*Bruce H. Brubaker*, for appellees.

REECE, Judge.

Appellant James Holt appeals the decision of the Akron Municipal Court dismissing his case for failure to prosecute. We reverse.

On January 24, 1997, appellant James Holt filed a complaint against appellees Luther Ayers and Michael Kinch in the Akron Municipal Court. Ayers filed a counterclaim with the court on February 12, 1997. On June 4, 1997, Holt amended his complaint, adding Sean Kinch as a defendant. The matter was set for trial on August 26, 1997. When neither Holt nor his attorney appeared in court on that date, Michael Kinch's attorney moved the trial court to dismiss the case for failure to prosecute, pursuant to Civ.R. 41(B)(1). The trial court immediately granted the motion and dismissed the case. Holt timely appealed the trial court's decision.

In his sole assignment of error, Holt alleges that the trial court improperly dismissed his appeal pursuant to Civ.R. 41(B)(1). The assignment of error is well taken.

Civ.R. 41(B)(1) states:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

This court will not reverse the trial court's decision to dismiss an action pursuant to Civ.R. 41(B)(1) absent an abuse of discretion. *Ina v. George Fraam & Sons, Inc.* (1993), 85 Ohio App.3d 229, 231, 619 N.E.2d 501, 502–503. The Ohio Supreme Court has noted that the abuse-of-discretion standard is heightened for review of dismissals pursuant to Civ.R. 41(B)(1) because such decisions forever deny a plaintiff review of the merits of his claim. *Jones v. Hartranft* (1997), 78

Ohio St.3d 368, 372, 678 N.E.2d 530, 534–535. Accordingly, an abuse of discretion will be found where the trial court has dismissed a case for failure to prosecute and clearly failed to consider other less drastic measures. *Ina, supra,* at 231, 619 N.E.2d at 502–503. In the case at bar, we find that the trial court abused its discretion in dismissing Holt's appeal for several reasons.

Dismissal pursuant to Civ.R. 41(B)(1) is appropriate where the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to merit the harsh sanction of a dismissal with prejudice. *Id.; Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 223, 6 O.O.3d 237, 239, 369 N.E.2d 800, 803. Review of the record indicates that Holt and his attorney failed to appear at trial due to the attorney's confusion regarding the assigned judge and the trial date posted on the court's computer docketing system. However, there is nothing further in the record *sub judice* to indicate that Holt's behavior throughout the course of the litigation was negligent, irresponsible, contumacious, or dilatory. The record is devoid of evidence that Holt failed to prosecute his claims.

Furthermore, the trial court failed to provide notice to Holt or his attorney of the dismissal of the case as required by Civ.R. 41(B)(1). To ensure a party the opportunity to show why his case should not be dismissed with prejudice, the trial court must provide notice to that party's counsel before dismissing the case for want of prosecution. *Bushnell v. Mead Containers* (1991), 72 Ohio App.3d 139, 142, 594 N.E.2d 105, 106–107.[1] Because the trial court dismissed the case without notice, Holt's attorney was never afforded an opportunity to explain the confusion regarding the trial date that resulted in his failure to appear at trial.

In light of the foregoing, we find that the trial court abused its discretion in dismissing Holt's case pursuant to Civ.R. 41(B)(1). His single assignment of error is sustained. The case is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

SLABY, P.J., and DICKINSON, J., concur.

---

1. This court has previously held that notice of dismissal for failure to prosecute may be implied when a party fails to appear at trial. *Schreiner v. Karson,* 52 Ohio App.2d at 224, 6 O.O.3d at 239–240, 369 N.E.2d at 803–804. Nevertheless, the *Schreiner* case is distinguishable on its facts. In *Schreiner,* the plaintiffs had a history of dilatory tactics and failed to appear for a trial date of which they were aware. By contrast, Holt's confusion regarding the trial date provided· the basis for his failure to appear.