The STATE of Ohio, Appellant,

v.

ONE HARLEY DAVIDSON MOTORCYCLE et al., Appellees.

[Cite as *State v. One Harley Davidson Motorcycle* (1998), 128 Ohio App.3d 132.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 97CA0066.

Decided June 3, 1998.

*John M. Williams*, Assistant Prosecuting Attorney, for appellant.

*Shannon J. Wharton*, pro se.

*Michael J. Boley*, pro se.

DICKINSON, Judge.

The state of Ohio has appealed from an order of the Wayne County Common Pleas Court that dismissed its petition for forfeiture of a Harley Davidson motorcycle. It has argued that the trial court incorrectly dismissed its petition based upon failure to prosecute without providing notice that it intended to do so. This court reverses the judgment of the trial court because it failed to afford the state the notice mandated by Civ.R. 41(B)(1).

## I

The state commenced this action by filing a petition for forfeiture on February 2, 1997. By that petition, it sought forfeiture of a Harley Davidson motorcycle with a purported vehicle identification number of 64XLH3819. It alleged that the motorcycle was titled to Michael J. Boley and that he had executed an assignment of the certificate of title to Shannon J. Wharton. It further alleged that the motorcycle was contraband as defined by R.C. 2901.01(M)(4) because the vehicle identification number or a derivative thereof had been "removed, defaced, covered, altered or destroyed as set forth in R.C. 4549.62(D)(2)."

Boley and Wharton were duly served. On July 29, 1997, the trial court scheduled a hearing to be held on August 14, 1997. None of the interested parties appeared for the scheduled hearing. On September 4, 1997, the trial court entered judgment *sua sponte* dismissing the state's forfeiture petition for failure to prosecute. The state timely appealed to this court.

## II

The state's assignment of error is that the trial court incorrectly dismissed its petition for forfeiture without providing it notice that it intended to do so. Civ.R. 41(B)(1) provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

"To ensure a party the opportunity to show why his case should not be dismissed with prejudice, the trial court must provide notice to that party's counsel before dismissing the case for want of prosecution." *Holt v. Ayers* (1998), 127 Ohio App.3d 535, 537, 713 N.E.2d 472, citing *Bushnell v. Mead Containers* (1991), 72 Ohio App.3d 139, 142, 594 N.E.2d 105, 106–107. Because the trial court failed to provide the state notice that it intended to dismiss its petition, the state did not have an opportunity to explain why it had not appeared at the scheduled hearing. Once the state has been afforded an opportunity to

explain why it did not appear, the trial court will be in a position to exercise its discretion in determining whether to dismiss the state's petition. Its dismissal without affording that opportunity was error. Accordingly, the state's assignment of error is sustained.

## III

The state's assignment of error is sustained. The judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed.*

SLABY, P.J., and QUILLIN, J., concur.