OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, plaintiff-appellant's brief and oral argument. Construction Materials, Inc., plaintiff-appellant, appeals from the judgment of the Cuyahoga county court of Common Pleas, General Division, Case No. CV-316956, in which the trial court dismissed plaintiff-appellant's case with prejudice pursuant to Civ.R. 41(B)(1). Plaintiff-appellant assigns two errors for this court's review.
Plaintiff-appellant's appeal is well taken.
On October 15, 1996, Construction Materials, Inc., plaintiff-appellant (hereinafter "plaintiff-appellant"), filed a breach of contract action against Air Supply Fabricating, Inc. Two additional defendants, Sheet Metal Manufacturing, Inc. and Joseph Bolan, were named in a subsequent amended complaint. The action arose out of the alleged breach of a series of construction contracts between the parties. Plaintiff-appellant sought $35,543.63 in compensatory damages and $100,000 in punitive damages from defendants-appellees.
On December 22, 1997, the trial court issued the following journal entry:
 CMC held on 12/16/97. Plaintiff's counsel attended by phone. Discovery to continue through 4/16/98. Dispositive motions due 5/16/98. Final pre-trial is scheduled for 6/30/98 at 2:45 p.m. Jury trial scheduled for 7/6/98 at 9:30 a.m. Vol. 2163 Pg. 0627. Notice issued.
Inexplicably, the parties failed to appear at the previously scheduled final pre-trial. On July 2, 1998, the trial court initiated a telephone conference with counsel for the parties, the purpose of which was to inform the parties that they had failed to appear at the scheduled final pre-trial date. Both parties alleged that they had not received notice of the final pre-trial. The trial court then requested the parties to call the court on the scheduled trial date to reschedule the trial. Plaintiff-appellant alleges that, due to an apparent misunderstanding, the telephone call was not placed and the trial date was not rescheduled.
On July 9, 1998, the trial court issued the following journal entry:
 Final pre-trial held 6/30/98. Parties failed to show. Parties asked to contact court at 2:45 p.m. on trial date to reschedule. Parties failed to do so. Case dismissed for failure to prosecute. OSJ. Vol. 2245 Pg 0489. Notice issued.
On July 20, 1998, plaintiff-appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) in which it maintained that it had misunderstood the trial court's instruction regarding rescheduling the trial date. On July 30, 1998, the trial court denied plaintiff-appellant's motion for relief from judgment through the following journal entry:
 Plaintiffs' 7/20/98 motion for relief from judgment is denied. The parties received notice of the final pre-trial and trial dates at the case management conference held 12/16/97 when defense counsel appeared and plaintiff's counsel appeared by telephone. Parties received second notice of trial date on 7/2/98 when contacted by the court. The failure to contact this court on the trial date, either by phone or personal appearance, has not been explained-by plaintiff's counsel. Given the foregoing, the motion for relief from judgment is denied. Vol. 2242 Pg. 0548. Notice issued.
On August 6, 1998, plaintiff-appellant filed a timely notice of appeal from the judgment of the trial court.
Plaintiff-appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED CMI'S ACTION FOR WANT OF PROSECUTION WITHOUT PRIOR "NOTICE TO CMI BEFORE SAID DISMISSAL, AS REQUIRED BY CIV.R. 41(B)(1)
Plaintiff-appellant maintains that the trial court improperly dismissed with prejudice its underlying case for failure to prosecute pursuant to Civ.R. 41(B)(1). Specifically, plaintiff-appellant argues that the trial court failed to provide prior notice of the intended dismissal as required by Civ.R. 41(B)(1). Plaintiff-appellant argues further that, given the unintentional nature of the apparent mis-communication, the trial court clearly abused its discretion by not applying less drastic sanctions available such as dismissal without prejudice.
Civ.R. 41(B)(1), which governs dismissals for failure to prosecute, provides:
 (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
A dismissal for failure to prosecute pursuant to Civ.R. 41(B)(1) is clearly an involuntary dismissal and is deemed to be a dismissal on the merits and a final appealable order unless the trial court expressly states otherwise. McCann v. Lakewood (1994), 95 Ohio App.3d 226,231.
The decision to dismiss a case pursuant to Civ.R. 41(E)(1) is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Jones v. Hartranft (1997),78 Ohio St.3d 368, 371, 678 N.E.2d 530, 534. An abuse of discretion connotes more than an error of law or judgment, it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Pembaur v. Leis (1982), 1 Ohio St.3d 89,91, 437 N.E.2d 1199, 1201; Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, 47.
When a trial court proceeds under Civ.R. 41(B)(1) on its own motion to dismiss, it can only do so after notice to plaintiff or to plaintiff's counsel. Svoboda v. City of Brunswick (1983),6 Ohio St.3d 348, 350, 453 N.E.2d 648. The notice requirement contained within Civ.R. 41(B)(1) is a prerequisite to dismissal for failure to prosecute. Dresher v. Summers (1986), 30 Ohio App.3d 271,272, 507 N.E.2d 1170. This rule is applicable even when the dismissal is without prejudice. Windell Woodson v. HighlandBeefalo Farms, Inc. (Dec. 2, 1996), Madison App. No. CA96-03-016, unreported.
In Logsdon v. Nichols (1995), 72 Ohio St.3d 124,647 N.E.2d 1361, the Ohio Supreme Court stated as follows regarding Civ.R. 41(B)(1) dismissals:
 Generally notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41 (B)(1). Hence, "it is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date * * *" McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. The purpose of notice is "to provide the party in default an opportunity to explain the default or correct it, or to explain why the case should not be dismissed with prejudice." Id. at 357; Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166, 2 OBR 182, 441 N.E.2d 299. Notice allows the dismissed party to explain the circumstances surrounding his or her nonappearance. McCormac, supra, at 357.
Id. at 128; Perotti v. Ferguson (1983), 7 Ohio St.3d 1,454 N.E.2d 951, paragraph one of syllabus; Kracht v. Kracht (June 5, 1997), Cuyahoga App. Nos. 70005, 70089, unreported. In addition, prior to dismissing a case for want of prosecution, the trial court must consider other alternatives to dismissal. Ina v. George Fraam Sons, Inc. (1993), 85 Ohio App.3d 229, 619 N.E.2d 501.
In this instance, a review of the record demonstrates that the trial court's dismissal of plaintiff-appellant's case with prejudice pursuant to Civ.R. 41(B)(1) was improper given the fact that the trial court failed to provide any notice whatsoever regarding its intention to dismiss prior to the actual date of dismissal. On December 22, 1997, the trial court scheduled the dates for the final pre-trial as well as the jury trial. It is undisputed that neither party appeared for the previously scheduled final pre-trial. Appellant maintains that the trial court then contacted the parties to schedule a new trial date but, through a mis-communication, the parties failed to contact the court at the appointed time to reschedule the trial. This version of events is reflected in the trial court's entry of July 9, 1998, in which the trial court dismissed the action for failure to prosecute. However, the record fails to reflect that the requisite notice of intent to dismiss was ever sent to plaintiff-appellant prior to the court's July 9, 1998 dismissal entry as required by Civ.R.41(B)(1).Sangster v. Dunn (Aug. 14, 1997), Cuyahoga App. No. 71617, unreported. Accordingly, under the present facts, it is apparent that the trial court abused its discretion by dismissing plaintiff-appellant's case for failure to prosecute. This is particularly true in light of the fact that plaintiff-appellant's failure to appear for the final pre-trial or contact the trial court to reschedule the trial date seems to stem from simple mis-communication rather than the willful violation of the trial court's order. This is further evidenced by the fact that both parties failed to appear or contact the trial court, leading one to conclude that their failure was the result of a misunderstanding common to both parties.
Plaintiff-appellant's first assignment of error is well taken.
Plaintiff-appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN, AFTER FAILING TO GIVE PROPER NOTICE BEFORE DISMISSING THE CASE, IT DENIED CMI'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60 (B).
Plaintiff-appellant maintains that, in light of the trial court's improper dismissal of its case for failure to prosecute, its motion for relief from judgment pursuant to Civ.R. 60(B) should have been granted. Specifically, plaintiff-appellant argues that, in this case, all the requirements necessary to obtain relief under Civ.R. 60(B) have been satisfied.
Given this court's disposition of plaintiff-appellant's first assignment of error, the remaining assignment of error is hereby rendered moot pursuant to App.R. 12(A)(1)(c) and need not be addressed by this court.
Plaintiff-appellant appeal is well taken.
Judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J.
MICHAEL J. CORRIGAN, J.
ANNE L. KILBANE, J.