This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Earnest Roger Lambdin ("Earnest"), appeals the decision of the Medina County Court of Common Pleas dismissing Appellee's, Cheryl Ann Lambdin ("Cheryl Ann"), complaint for divorce. We affirm.
 Assignment of Error: THE TRIAL COURT ERRED IN DISMISSING THE CASE AND NOT ENTERING A JUDGMENT IN CONFORMANCE WITH THE [PARTIES] AGREEMENT.
In his sole assignment of error, Earnest argues that the trial court erred in dismissing Cheryl Ann's complaint for divorce after the parties entered an agreement in court. We disagree.
Civ.R. 41(B)(1) states:
 Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
This court will not reverse the trial court's decision to dismiss an action pursuant to Civ.R. 41(B)(1) absent an abuse of discretion. Ina v.George Fraam Sons, Inc. (1993), 85 Ohio App.3d 229, 231. The Ohio Supreme Court has noted that the abuse of discretion standard is heightened for review of dismissals pursuant to Civ.R. 41(B)(1), because such decisions forever deny a plaintiff review of the merits of his claim. Jones v. Hartranft (1997), 78 Ohio St.3d 368, 372. Accordingly, an abuse of discretion will be found where the trial court has dismissed a case for failure to prosecute and clearly failed to consider other less drastic measures. Ina, 85 Ohio App.3d at 231.
Dismissal pursuant to Civ.R. 41(B)(1) is appropriate where the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to merit the harsh sanction of a dismissal with prejudice. Id.; Schreinerv. Karson (1977), 52 Ohio App.2d 219, 223. To ensure a party the opportunity to show why his case should not be dismissed with prejudice, the trial court must provide notice to that party's counsel before dismissing the case for want of prosecution. Bushnell v. Mead Containers
(1991), 72 Ohio App.3d 139, 142.
In the present case, Cheryl Ann filed a complaint for divorce from Earnest on July 24, 2000. On February 21, 2001, the parties informed the court that they had reached an agreement on the issues pending in the divorce. Cheryl Ann's attorney read the parties' agreement into the record. Both Earnest and Cheryl Ann testified that they understood and were satisfied with the agreement. The trial court granted Cheryl Ann a divorce from Earnest on the grounds of incompatibility and stated:
 I will adopt your agreement as an order of the Court after finding it is fair and equitable. This will be final when counsel's prepared the document, you'll both get to review it and sign it, and it will be submitted to me and the clerk will stamp it, and then you're divorced.
On May 25, 2001, the trial court filed a notice of hearing regarding the court's own motion to dismiss the complaint for a failure to file the divorce decree. The notice stated "IF THE JOURNAL ENTRY IS NOT SUBMITTED BY 9:00 A.M. ON [June 7, 2001], THE COMPLAINT WILL BE DISMISSED." After receiving an extension for seven days, Cheryl Ann filed a motion to delay the journalization of the journal entry asserting that certain marital assets were not described in the original settlement.
The record reflects that on the morning of the August 6, 2001 hearing, Earnest filed a motion to continue the hearing. The trial court denied the motion, held the hearing and found "that the parties have not reached a full settlement of all issues before the Court." Cheryl Ann, her attorney and Earnest were present for the hearing. Approximately an hour after the hearing, Earnest's attorney telephoned the court and spoke with Cheryl Ann's attorney. The trial court dismissed the case for failure to file an agreed judgment entry.
Given these facts, Earnest received notice in accordance with Civ.R. 41(B)(1). By receipt of the May 25, 2001 Notice of Hearing, Earnest was put on notice that the case could be dismissed. Moreover, he had a reasonable opportunity to defend against dismissal at the hearing. Several months after the parties' original hearing, the trial court ordered the parties to file an agreed journal entry, granted a further extension and held an additional hearing before dismissing the case. The trial court did not abuse its discretion in dismissing the case. Earnest's assignment of error is overruled.
Having overruled Earnest's sole assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.