DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court dismissed appellant's complaint for damages in a personal injury action, pursuant to Civ.R. 41(B)(1). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant sets forth the following two assignments of error on appeal:
 {¶ 3} "I. The trial court abused its discretion when it dismissed appellant's lawsuit for an alleged failure to prosecute.
 {¶ 4} "II. The trial court committed an abuse of discretion by dismissing plaintiff's case since some of plaintiff's injuries did not require expert testimony."
 {¶ 5} The undisputed facts that are relevant to the issues raised on appeal are as follows. On January 16, 1997, appellant, Theresa Bea Flynn, was driving her automobile eastbound on Dussel Drive in Maumee, Ohio, when a white Safari van pulled out in front of her. The van was driven by Thomas Farrell, an employee of appellee, Toledo Edison. Upon noticing the white van, Flynn swerved sharply to her right and turned into a nearby parking lot, narrowly avoiding a collision. Later that day, Flynn telephoned Toledo Edison to report the incident. The next morning, Farrell telephoned Flynn to apologize for nearly causing an accident.
 {¶ 6} On January 15, 1999, Flynn, acting pro se, filed a complaint against Toledo Edison and Farrell. The complaint alleged that, as a result of the incident on January 16, 1997, Flynn suffered back injuries, causing her to have surgery and spend eight months in a body cast. On December 15, 1999, faced with a pending motion for summary judgment, Flynn voluntarily dismissed the complaint.
 {¶ 7} On December 15, 2000, Flynn, again acting pro se, refiled the complaint. On January 10, 2001, Toledo Edison and Farrell filed a joint motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), on the basis that the allegations therein were insufficient to demonstrate that Farrell was negligent, or that Flynn suffered any injuries as a result of the incident. On February 1, 2001, Flynn, acting through counsel, filed a motion for leave to amend the complaint, which the trial court granted on February 15, 2001. On February 21, 2001, the trial court denied the motion to dismiss. Toledo Edison and Farrell filed a joint answer on March 19, 2001.
 {¶ 8} On April 23, 2001, the trial court issued a pretrial order, in which it set a trial date of May 13, 2002. Discovery was to be completed no later than December 14, 2001. In addition, the order stated:
 {¶ 9} "Failure to comply with this order may lead to imposition of sanctions, including the exclusion of testimony or evidence at trial."
 {¶ 10} On January 2, 2002, the trial court issued an order extending the deadline for the completion of discovery to March 15, 2002. On May 15, 2002, the trial court vacated the May 15, 2002 trial date, and reset the trial date for September 18, 2002.
 {¶ 11} On June 4, 2002, Toledo Edison and Farrell filed a joint motion for summary judgment and a memorandum in support, in which they argued that: (1) the complaint alleged no facts to show that Farrell breached a duty to Flynn; and (2) Flynn had not produced any expert medical testimony to support her claim that she suffered physical injuries as a result of the incident on January 16, 1997.
 {¶ 12} On July 1, 2002, Flynn filed a memorandum in opposition to summary judgment, in which she asserted that summary judgment is not appropriate in this case because genuine issues of fact remain as to whether Farrell was negligent. In support thereof, Flynn relied on Farrell's deposition testimony, in which he admitted pulling out of the driveway in front of oncoming traffic.
 {¶ 13} Flynn further argued that an issue of fact remains as to the cause of her injuries, and that some of those injuries were of such a nature that they did not require expert testimony. Flynn further stated that she did not attach an affidavit or the deposition testimony of a medical expert to her memorandum in opposition, because she intended to produce expert medical testimony at trial.
 {¶ 14} On July 14, 2002, counsel for Toledo Edison sent Flynn's attorney a letter, in which he stated that Flynn had not yet responded to a discovery request for her medical records, made on April 9, 2002. On August 1, 2002, Toledo Edison and Farrell filed a joint motion to compel discovery, in which they stated that Flynn had not yet produced the requested medical records. The motion stated that the missing discovery materials included the records of Flynn's past medical history, and that the failure to provide such materials deprived Toledo Edison and Farrell of an opportunity to formulate a defense to her injury claim.[1]
 {¶ 15} That same day, the trial court issued a decision in which it found that a genuine issue of fact existed as to whether Farrell was negligent, and denied summary judgment as to that issue. The court further found that Flynn had produced no expert medical testimony "by way of deposition, affidavit or otherwise connecting [her] injuries to the claimed negligent act of defendant Farrell." Accordingly, the court granted the motion for summary judgment as to any claims that required expert medical testimony to establish that the January 16, 1997 incident was the proximate cause of Flynn's injuries.
 {¶ 16} On September 30, 2002, the trial court issued another pretrial order, in which it vacated the September 18, 2002 trial date, and rescheduled the trial for January 29, 2003, with discovery to be completed no later than November 1, 2002. In addition, Flynn was given until November 1, 2002, to obtain expert medical testimony and file a motion to reconsider the court's decision to grant partial summary judgment. The order further stated:
 {¶ 17} "Failure to comply with this order may lead to the imposition of sanctions, including the exclusion of testimony or evidence at trial."
 {¶ 18} On November 18, 2002, Toledo Edison and Farrell filed a motion for sanctions, in which they asked the trial court to dismiss Flynn's case with prejudice as a result of her failure to provide either an expert medical opinion or her medical records by the November 1, 2001 deadline. On December 11, 2002, Flynn filed a response to the motion for sanctions, and a motion for leave to file a motion for reconsideration, in which she asked the court not to impose the harsh sanction of dismissing the case. Flynn stated that her lack of response to discovery requests was due to her old age and ill health, and that she failed to obtain the deposition testimony of a medical expert because her financial resources are limited, and she could not afford to pay for a deposition.
 {¶ 19} Attached to Flynn's response was a copy of a letter written by Patrick W. McCormick, M.D., a neurosurgeon, to Flynn's attorney, in which McCormick stated that, in 1997, Flynn had surgery to fuse several vertebrae in her spine. McCormick further stated in the letter that, prior to surgery, Flynn suffered low back pain and left lower extremity radicular symptoms, which were somewhat alleviated following the surgery. McCormick concluded that, in his opinion, and "to a reasonable degree of medical certainty, that the symptoms and subsequent surgery required for spinal instability are a direct result of the January 1997 accident. This opinion is based on the biologic plausibility of such an injury occurring with an accident and based on the temporal sequence of events."
 {¶ 20} On January 7, 2003, the trial court issued an order in which it recounted the lengthy history of delays and rescheduled trial dates that were made necessary by Flynn's failure to meet deadlines for discovery, in spite of the fact that Flynn's counsel was aware the case became overage in December 2002. The court also stated that, to date, Flynn had failed to file a motion for reconsideration, despite the court's effort to allow her to do so, and she did not respond to the motion for sanctions until December 11, 2002, "five days beyond the response time set forth in Local Gen. R. 5.04(D)." The court noted that Flynn failed to obey its instruction to notify the court by January 6, 2002, as to when she would obtain the deposition of an expert medical witness. The court concluded with the following:
 {¶ 21} "This case has been pending for over two years, and it has been approximately six years since the incident which gives rise to the lawsuit. Moreover, this case was previously filed and dismissed by plaintiff. Yet, during all of this time, plaintiff has not provided the discovery requested by defendant and has not obtained medical testimony required to prove her case.
 {¶ 22} "Considering all of the foregoing, this Court can only conclude that there has been a failure to prosecute and that defendant's motion to dismiss should be granted. This Court has been patient with plaintiff's failure to proceed throughout the course of this case, and has given her every opportunity to prosecute her claims. After continuous delays and extensions, and only weeks before trial, plaintiff has still taken no action to proceed with the case.
 {¶ 23} "It is therefore ordered, adjudged and decreed that defendant's motion for sanctions is granted.
 {¶ 24} "It is further ordered, adjudged and decreed that pursuant to Civ.R. 41(B)(1) this cause is dismissed at plaintiff's costs."
 {¶ 25} On January 15, 2003, Flynn filed a motion for reconsideration, in which she asked the trial court to reconsider its dismissal of the case. In support thereof, Flynn stated that she was unable to file a motion for reconsideration of the granting of partial summary judgment because she was unable to pay for the deposition of an expert witness before November 1, 2002. Flynn further stated that, as of January 6, 2003, she had obtained the necessary funds and was able to schedule a deposition with Dr. McCormick for January 21, 2003. On January 17, 2003, the trial court denied Flynn's motion for reconsideration of its dismissal of the case. A timely notice of appeal was filed on February 5, 2003.
 {¶ 26} Flynn asserts in her first assignment of error that the trial court abused its discretion by dismissing the complaint with prejudice pursuant to Civ.R. 41(B)(1). In support thereof, Flynn argues that she was unable to provide for discovery because she is elderly, in ill health, and "on a fixed income." Flynn further argues that, after she acquired the funds to pay for a deposition, her counsel "exercised diligence" in seeking to obtain a deposition date from her doctor. Finally, Flynn argues that she did not take Dr. McCormick's deposition at an earlier time because she believed Toledo Edison and Farrell would not file a motion for summary judgment.
 {¶ 27} Civ.R. 41(B)(1), which governs the involuntary dismissal of a case for failure to prosecute, states:
 {¶ 28} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 29} The Ohio Supreme Court has held that a trial court's decision to dismiss an action pursuant to Civ.R. 41(B)(1) will not be overturned on appeal absent a finding that the lower court abused its discretion. Ina v. George Fraam Sons, Inc. (1993),85 Ohio App.3d 229, 231. An abuse of discretion amounts to more than a mere error in judgment but connotes an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 30} In addition to the above, the Ohio Supreme Court has held that, because a dismissal pursuant to Civ.R. 41(B)(1) forever denies the plaintiff of a review of the merits of his claim, the abuse of discretion standard is heightened. Jones v. Hartranft (1997), 78 Ohio St.3d 368,372. Abuse of discretion will be found if the trial court dismisses a case pursuant to Civ.R. 41(B)(1) after clearly failing to consider other, less drastic, measures. Ina, supra, at 231.
 {¶ 31} In spite of the heightened scrutiny to which dismissals with prejudice are subjected, a dismissal pursuant to Civ.R. 41(B)(1) is appropriate in cases where the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to merit such a harsh sanction. Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,48; Schreiner v. Karson (1977), 52 Ohio App.2d 219, 223. In order to give plaintiff's counsel an opportunity to show why the case should not be dismissed with prejudice, a trial court must first give notice to the plaintiff's counsel before dismissing the case for lack of prosecution.Bushnell v. Mead Containers (1991), 72 Ohio App.3d 139, 142; Civ.R. 41(B)(1).
 {¶ 32} The facts, as set forth above, demonstrate that the trial court repeatedly gave Flynn opportunities to produce discovery materials and to take the deposition of an expert medical witness. The record shows that, rather than dismissing the case at an earlier stage, the trial court continued the trial date several times, even to the point of the case becoming overage, and gave Flynn the chance to file a motion for reconsideration of its order granting partial summary judgment to Toledo Edison and Farrell on those claims which required expert medical testimony. Flynn never took the opportunity to do so. Instead, after the deadline had passed for filing a motion for reconsideration of partial summary judgment, and after appellees moved for the dismissal of appellant's remaining claims, appellant produced Dr. McCormick's opinion letter and raised the issue of her inability to take his deposition testimony due to her age, ill health, and lack of financial resources.
 {¶ 33} As noted by the trial court, Flynn also failed to provide appellees with copies of her medical records in discovery, and did not respond to the motion for sanctions until December 11, 2002, five days after such a response was due. Finally, it is undisputed that Flynn had notice of the motion for sanctions and an opportunity to persuade the trial court not to dismiss the case.
 {¶ 34} Upon consideration of the foregoing, we cannot find that the trial court abused its discretion by dismissing the case pursuant to Civ.R. 41(B)(1). Appellant Flynn's first assignment of error is not well-taken.
 {¶ 35} Flynn asserts in her second assignment of error that the trial court abused its discretion by dismissing the case because some of her injuries could be proved at trial without expert medical testimony.
 {¶ 36} The record shows that the trial court granted partial summary judgment to Toledo Edison and Farrell only as to those claims requiring expert medical testimony. Those remaining claims that arguably did not require expert medical testimony were later dismissed by the trial court due to Flynn's failure to respond to discovery requests for her medical records, and to comply with court-ordered deadlines, as set forth above.
 {¶ 37} On consideration of the foregoing and our disposition as to the first assignment of error, we find that appellant Flynn's second assignment of error is not well-taken.
 {¶ 38} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant, Theresa Bea Flynn.
 JUDGMENT AFFIRMED.
[1] In deposition testimony taken on June 29, 1999, as part of her first lawsuit, Flynn stated that she had a lengthy medical history, which included prior back surgery and several previous motor vehicle accidents that resulted in physical injuries.