[Cite as *Ashtabula Cty. Med. Ctr. v. Scruggs*, 2023-Ohio-1795.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

ASHTABULA COUNTY MEDICAL CENTER,

      Plaintiff-Appellee,

- vs -

BRIAN O. SCRUGGS,

      Defendant-Appellant.

CASE NO. 2022-A-0061

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CV 00214

### O P I N I O N

Decided: May 30, 2023
Judgment: Affirmed

*Dan A. Morell, Jr.* and *John J. Schneider*, Dan Morell & Associates, LLC, 200 Spectrum Office Building, 6060 Rockside Woods Boulevard, N., Suite 200, Independence, OH 44131 (For Plaintiff-Appellee).

*Brian O. Scruggs*, pro se, 7280 Skyline Drive East, Apt. 105, Columbus, OH 43235 (Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Brian O. Scruggs, appeals the judgment entered in favor of appellee, Ashtabula County Medical Center ("the Medical Center"), in the amount of $4,692.00 together with interest from June 19, 2022. We affirm.

{¶2} On June 1, 2021, the Medical Center filed a complaint against Scruggs seeking judgment in the amount of $9,436.09, which the Medical Center maintained represented the amount of unpaid medical bills for services provided to Scruggs' child as a minor. Thereafter, Scruggs filed a document captioned "Rebuke Extortion for Money,"

wherein he appears to maintain that the child's mother, his ex-wife, was responsible for any unpaid balance due to Scruggs' payments of child support to her and her receipt of their child's social security benefits paid to her on the child's behalf due to Scruggs' disability.

{¶3} The Medical Center moved for judgment on the pleadings, and Scruggs submitted filings in opposition. The trial court overruled the motion in an entry dated September 10, 2021. Therein, the court noted that the Medical Center had originally filed suit in a previous case, in which it named both Scruggs and his ex-wife as defendants. Due to lack of service on Scruggs, the matter was dismissed against him, the case proceeded against his ex-wife, and the Medical Center obtained judgment against her. However, the ex-wife filed for Chapter 7 bankruptcy protection, resulting in a stay in that case. The Medical Center then filed the present complaint against Scruggs. The court concluded that Scruggs' argument regarding child support and social security payments made to the ex-wife overlooked that the child support order required him to pay 50% of the child's medical bills. However, the court concluded that material factual issues existed as to whether Scruggs was given notice of the unpaid medical bills, when the notice was given, and if he had been prejudiced by the delay. Accordingly, the court overruled the Medical Center's motion.

{¶4} The case then proceeded before a magistrate. At a pretrial before the magistrate on December 3, 2021, counsel for the Medical Center failed to appear. On the same date, the court scheduled the parties for mediation. Thereafter, Scruggs moved to dismiss for failure to prosecute, and the Medical Center filed a brief in opposition. The court overruled the motion to dismiss. On February 23, 2022, the Medical Center filed

2

an amended prayer for relief recognizing that Scruggs had filed a Chapter 7 bankruptcy on March 2, 2015, and modifying its prayer for relief to eliminate the accounts discharged by the bankruptcy to request judgment in the principal amount of $3,582.84 plus interest and the costs of the action.

{¶5} Subsequently, the parties attended court-sponsored mediation. Scruggs then moved to dismiss based upon a statute of limitations argument, which the Medical Center opposed. The Medical Center sought to enforce a settlement agreement that it maintained was reached through mediation on March 24, 2022. The Medical Center attached a copy of the purported handwritten agreement to its motion to enforce. The agreement provides: "Mediation held. Agreement reached to settle the debt for $2,000. First payment will be for $225.45 & the rest of balance will be paid over 9 more months with the total amount paid w/in 10 months. Payment document/agreement will be drafted & circulated by 3/29/22. Questions & language for dismissal will be discussed on phone mediation call 3/30/22 @ 10[:]30 am[.]" The agreement is signed by counsel for the Medical Center and Scruggs. Thereafter, Scruggs again requested the case be dismissed, maintaining, in part, that counsel for the Medical Center failed to attend the 3/30/22 telephone mediation as scheduled.

{¶6} In an order dated April 25, 2022, the court granted the Medical Center's motion to enforce the settlement agreement and overruled Scruggs' motions to dismiss. In its entry, the court noted that the matter came on for status conference/hearing on April 12, 2022.[1] Based upon this hearing, the court determined that the parties agreed to settle

---

1. Scruggs had moved for an extension of time to file the record until October 14, 2022. In his motion, he stated that he had been unaware of his "responsibility towards having to request the transcripts from the court reporter" until after he reviewed this court's local rules. This court granted the extension, and the

3

this matter for $2,000.00 and had entered into a handwritten settlement agreement reflecting same. The court noted that "[t]he testimony in this hearing established that the parties intended to prepare a dismissal entry which would be premised on the settlement agreement entered into on the 24th and signed by the parties." The court further noted that it had questioned Scruggs regarding whether he had signed that agreement, and he acknowledged that he had done so. The entry indicates that Scruggs informed the court that he had unilaterally repudiated the agreement, but he had not provided the court with any authority permitting him to rescind. The court granted the Medical Center's motion to enforce the settlement agreement, overruled Scruggs' motions to dismiss, and ordered counsel for the Medical Center to prepare a judgment entry.

{¶7} On June 7, 2022, the magistrate issued an order noting that a judgment entry had not yet been prepared in this case. The magistrate granted counsel 30 days to submit an appropriate judgment entry and ordered that, if such an entry was not entered and presented for journalization, then the court would prepare and journalize an entry dismissing all proceedings.

{¶8} On July 11, 2022, the trial court approved a judgment entry. The judgment entry enters judgment in favor of the Medical Center for $4,692.00, which includes statutory interest from March 6, 2015 through June 19, 2022, together with statutory interest from June 19, 2022, through satisfaction of judgment, and costs of this action.[2]

record was transmitted on October 14, 2022. However, no transcript of the April 12, 2022 status conference/hearing was transmitted with the record, and no motion to supplement the record with the transcript has been made. A review of the trial court's docket indicates that a transcript was filed in the trial court on October 18, 2022. Nonetheless, neither party has moved to supplement the record with the transcript. *See* App.R. 9.

2. It is unclear as to why judgment was entered in favor of the Medical Center, as the trial court determined that the parties' testimony at the hearing "established that the parties intended to prepare a dismissal entry

Case No. 2022-A-0061

However, the judgment entry provides that if Scruggs makes timely payments of the $2,000.00 as the parties had agreed, interest would be waived, and the $2,000.00 would satisfy the judgment in full.

{¶9} On August 5, 2022, Scruggs noticed an appeal. Scruggs' appellate brief does not specifically set forth any assigned errors. Instead, his brief contains a "Table of Contents and Assignment of Error" page that sets forth the following:

    1.    <u>Statement Case</u>: Not showing up for pre-trial

    2.    <u>Statement Facts</u>: No billing to me or my address from 2010-2018

    3.    <u>Moral Defense Argument</u>: Violation of due process, dismissal for failure to prosecute 08/29/2018 Case No. 2018 CV 00017

    4.    <u>Conclusion</u>: Timeline for document entry

{¶10} The above four subjects, despite their titles, appear to raise four distinct issues. First, Scruggs appears to take issue with the Medical Center's counsel's failure to appear at the pretrial. Second, Scruggs maintains that he did not receive billing from the Medical Center for the medical care of the child from 2010 through 2018. Third, Scruggs argues that his payments of child support to his ex-wife and the social security payments made to her for their child should have been used to pay the Medical Center.

---

which would be premised on the settlement agreement entered into on the 24th * * *." However, Scruggs has not challenged this aspect of the judgment entry, and, as discussed in the previous footnote, no transcript of the hearing was transmitted on appeal. It is an "appellant's duty to provide a transcript for appellate review and [an] appellant's burden to show error by reference to matters in the record." *Kirtland v. Neff*, 11th Dist. Lake No. 98-L-245, 2000 WL 655435, *2 (May 19, 2000), citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

Case No. 2022-A-0061

Fourth, Scruggs maintains that the Medical Center failed to submit the judgment entry to the trial court within the time permitted by the magistrate.

{¶11} Initially, we note that the first three issues would generally be waived as a consequence of entering into a settlement agreement. *See Longo v. Longo*, 11th Dist. Geauga No. 2013-G-3175, 2014-Ohio-4880, ¶ 11-12. However, in this case, although the trial court concluded that Scruggs entered into the settlement agreement at mediation and the parties intended to dismiss this matter based on the settlement, the July 11, 2022 judgment entry grants judgment to the Medical Center, instead of dismissing the action, and provides it will accept payment of the $2,000.00 as agreed to satisfy the judgment in full. Although Scruggs does not argue any error with this aspect of the judgment entry, the handwritten agreement does not indicate that judgment would be granted to the Medical Center. We cannot discern whether the parties agreed to this aspect of the judgment at the hearing, as no transcript has been submitted. Therefore, we conclude that waiver would be inappropriately applied under these particular circumstances. Accordingly, we proceed to address the issues raised by Scruggs.

{¶12} With respect to the first issue, Scruggs appears to argue that the case should have been dismissed based upon the Medical Center's non-appearance at the December 3, 2022 pretrial. However, as noted by the trial court, in Scruggs' motion to dismiss on these grounds, he cited another court's local rule in support. Scruggs does not advance any authority in his appellate brief in support of dismissal on the basis of failure to prosecute where the plaintiff fails to appear at a pretrial hearing. We are aware of no authority mandating dismissal for failure of a plaintiff to appear at a hearing. To the contrary, dismissal due to a failure to prosecute is a harsh sanction that is appropriate

6

only where the plaintiff is "negligent, irresponsible, contumacious, or dilatory." *Holt v. Ayers*, 127 Ohio App.3d 535, 537, 713 N.E.2d 472, 473 (9th Dist.1998), citing *Ina v. George Fraam & Sons, Inc.*, 85 Ohio App.3d 229, 231, 619 N.E.2d 501, 502 (9th Dist.1993); and *Schreiner v. Karson*, 52 Ohio App.2d 219, 223, 369 N.E.2d 800 (9th Dist.1997). Accordingly, Scruggs' apparent argument regarding the Medical Center's failure to appear at the pretrial lacks merit.

{¶13} With respect to his second argument, Scruggs appears to contend that judgment to the Medical Center was improper due to the Medical Center's purported failure to send him billing from 2010-2018, and that his ex-wife was responsible for payment of the child's medical bills due to her receipt of child support and social security benefits. However, Scruggs again does not support his arguments with any authority. R.C. 3103.03(A) provides in relevant part that "[t]he biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor." R.C. 3103.03(D) provides:

> If a parent neglects to support the parent's minor child in accordance with this section and if the minor child in question is unemancipated, any other person, in good faith, may supply the minor child with necessaries for the support of the minor child and recover the reasonable value of the necessaries supplied from the parent who neglected to support the minor child.

{¶14} This court has held that the parents' divorce decree and post-decree orders control the parents' obligations between each other but do not control a third party's suit for recovery of medical bills incurred on behalf of their child. *Laurelwood Hosp. v. Lorenzo*, 11th Dist. Lake No. 93-L-063, 1993 WL 548530, *4 (Dec. 17, 1993).

7

Case No. 2022-A-0061

Accordingly, the Medical Center's action is not affected by orders entered in Scruggs' and his ex-wife's divorce action. Therefore, Scruggs' second argument lacks merit.

{¶15} With respect to his third argument, Scruggs appears to maintain that his dismissal from a prior suit should have precluded the present suit. During the proceedings in the trial court, as set forth above, the parties acknowledged that Scruggs was named as a defendant, along with his ex-wife, in a complaint previously filed by the Medical Center for recovery of the child's medical bills at issue. However, Scruggs was dismissed from that suit due to lack of service. Such a dismissal is otherwise than on the merits, and thus does not preclude the instant action. Civ.R. 4(E); Civ.R. 41(B)(4).

{¶16} Next, within Scruggs' third argument, he again raises the issue that his ex-wife should have been solely responsible for the child's medical bills. However, we have addressed this issue in response to Scruggs' second argument above.

{¶17} Accordingly, for the foregoing reasons, Scruggs' third argument is without merit.

{¶18} With respect to his final argument, Scruggs relies on the magistrate's June 7, 2022 order, requiring the Medical Center to prepare the judgment entry within thirty days. As set forth in our recitation of the procedural history above, this order indicated that the proceedings may be dismissed if the proposed entry was not timely submitted. Scruggs maintains that the entry was not filed within 30 days, relying on the July 11, 2022 timestamp appearing on the entry. However, the Medical Center maintains that the judgment was submitted to the trial court within 30 days. We have no way of determining from the record when the proposed judgment entry was submitted by the Medical Center to the court for review, as the timestamp reflects only that the signed copy of the entry

8

was filed with the clerk on July 11, 2022. Regardless, even if this court could conclude that the judgment entry was filed five days late, such tardiness would not mandate dismissal of the action. Accordingly, Scruggs' final argument lacks merit.

{¶19} The judgment is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

9