SCHREINER ET AL., APPELLANTS, *v.* KARSON, APPELLEE.

220

(No. 656—Decided January 26, 1977.)

Mr. *Leland D. Cole*, for appellants.
Mr. *Thomas G. Hermann*, for appellee.

VICTOR, P. J.   This case questions the extent of a trial judge's power to dismiss a case *sua sponte* pursuant to Civ. R. 41(B)(1).

Plaintiff Robert Schreiner, an attorney, through his first counsel filed a medical malpractice complaint against defendant, Dr. Andrew J. Karson.   Melanie Schreiner, Robert's wife, joined as a plaintiff through her count in the complaint, alleging a loss of services and a loss of consortium.

Over the course of the litigation, defendant sent three sets of interrogatories to Robert Schreiner, who was generally dilatory in answering.   Despite an order compelling him to do so, Robert Schreiner did not answer the third set of interrogatories.   He was also dilatory in providing defendant with the report of his expert witness.   Plaintiffs' motion to consolidate this case with a case against the hospital, where the malpractice allegedly occurred, was denied. Plaintiffs changed counsel in the middle of the litigation.

The day before trial, Robert Schreiner attended a conference during which he moved for a continuance.   Notice of the trial date, April 20, 1976, had been sent some weeks earlier.   No continuance was granted.   At this point, plaintiffs' second counsel gave notice that he was withdrawing from the case.   A new counsel, plaintiffs' third, agreed to represent plaintiffs if a continuance could be obtained. This new counsel had, though, been involved in the case for at least one week (plaintiffs' expert's report, dated April 11, 1976, was addressed to this new counsel).

It appears that Robert Schreiner was late for trial. A fair reading of the record indicates that Melanie Schreiner failed to appear at all. The trial was scheduled for 9 a. m. on April 20. The transcript of proceedings shows that, in chambers, defendant's counsel stated the time was 9:25 a. m.; that Robert Schreiner had not appeared; and that defendant moved for a dismissal. The judge dismissed the case with prejudice *sua sponte* pursuant to Civ. R. 41(B) (1).

Robert Schreiner thereafter moved for a new trial. To support this motion, he filed an affidavit alleging that he was properly in court at the time and date set for trial. An affidavit of prejudice was also filed against the trial judge but was dismissed by the Chief Justice of the Supreme Court of Ohio.

Defendant's counsel responded by filing an affidavit alleging that he was personally in the courtroom from 9 a. m. until 9:25 a. m. on April 20 and that Robert Schreiner was not in court during that time.

The trial judge overruled the motion for a new trial. Plaintiffs now appeal from the trial court's order dismissing the case with prejudice. They argue that the dismissal with prejudice constituted a gross abuse of discretion because Robert Schreiner was properly in court at the time set for trial and was willing to proceed *pro se*, and, further, the dismissal, having been entered without notice or a hearing, violated the due process clause of the United States Constitution and the due course of law clause of the Ohio Constitution (Section 16, Article 1).

Defendant responds to these contentions by asserting that there was no abuse of discretion because (1) plaintiff had no expert available at trial; (2) plaintiff failed to timely supply certain materials; (3) neither Robert Schreiner nor his counsel timely appeared for trial; and (4) due process was not violated.

Civ. R. 41(B)(1) provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

Civ. R. 41(B) is modeled after Fed. R. Civ. P. 41(B).

The trial court's judgment will not be reversed unless it constitutes an abuse of discretion. An abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude by the court. *Klever* v. *Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491. We find no Ohio case substantially similar to this case but many federal cases exist holding variously that an abuse of discretion exists or does not exist where a case was dismissed under Fed. R. Civ. P. 41(B). See, *e. g.*, annotations, 15 A. L. R. Fed. 407, 20 A. L. R. Fed. 488. Two federal cases may, though, be helpful guides. In *Peterson* v. *Term Taxi, Inc.* (C. A. 2, 1970), 429 F. 2d 888, plaintiff's counsel appeared late and then, after the dismissal was ordered, plaintiff appeared. The second circuit found that the dismissal was an abuse of discretion. Where plaintiffs' counsel twice appeared both late and unprepared and where plaintiff failed to respond properly to several requests of the court, the third circuit found that less extreme sanctions would be preferable and that the dismissal was an abuse of discretion. *Dyotherm Corp.* v. *Turbo Machine Co.* (C. A. 3, 1968), 392 F. 2d 146.

We are first confronted here with the factual question of whether plaintiffs timely appeared. It is a reasonable inference that the trial court's order was premised, at least in part, on a failure to appear. Considering the record as a whole, it appears that Robert Schreiner was late and that Melanie Schreiner made no appearance. On the basis of this record, including the conflicting affidavits, this court cannot overturn the inferences that timely appearances were not made. 3 Ohio Jurisprudence 2d 799, Appellate Review, Section 815 *et seq.* We, therefore, consider the propriety of the trial judge's action with this state of facts in mind.

Robert Schreiner exhibited a history of dilatory tactics and Melanie Schreiner failed to appear. The trial judge was in a better position than this court to judge, by the actions and demeanor of the plaintiffs and their counsel, whether a case should be dismissed pursuant to Civ. R. 41(B)(1).

The trial judge's lack of patience is understandable. A dismissal with prejudice, however, is an extremely harsh

sanction. It affects not only the suit dismissed but, because it acts as a decision on the merits, also controls questions of fact in other related cases. The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. *Dyotherm Corp.* v. *Turbo Machine Co., supra*; *Flaksa* v. *Little River Marine Constr. Co.* (C. A. 5, 1968), 389 F. 2d 885, *certiorari denied,* 392 U. S. 928; *cf. McDonald* v. *Haught* (1967), 10 Ohio St 2d 43, 46; *Brown* v. *Best* (1974), 44 Ohio App. 2d 82, 84. Lesser sanctions than a dismissal with prejudice should be applied when possible. *Flaksa, supra*; *Dyotherm, supra.*

Here plaintiffs were apparently unable to have an expert witness at trial. This does not constitute a failure to prosecute. Plaintiffs may prove their case by other means. *Oleksiw* v. *Weidiner* (1965), 2 Ohio St. 2d 147. The failure to timely answer the third set of interrogatories is not a ground for dismissal under Civ. R. 41(B)(1). See, *Societe Internationale Pour Participations Industrielles* v. *Rogers* (1958), 357 U. S. 197, interpreting Fed R. Civ. P. 41 (B) and Fed. R. Civ. P. 37, which are analogous to the Ohio rules. The third set of interrogatories essentially asked for the information in the expert's reports and a list of witnesses. It appears the court sanctioned the delayed exchange of experts' reports and this delay by plaintiffs should should not be grounds for dismissal; *cf. Banks* v. *The Ohio Power Co.* (1952), 157 Ohio St. 10, 14.

The action of the trial court should be predicated on the overall conduct of plaintiffs or on each one's respective late appearance or failure of appearance.

Even with the background of this case in mind, Robert Schreiner's late appearance does not justify the imposition of the dismissal with prejudice.

Less harsh sanctions could easily be imposed. The trial court could have dismissed without prejudice or ordered a trial on such conditions as were just and reasonable. The court could have limited plaintiffs' case to those witnesses named in the discovery proceedings. Court costs and certain of defendant's attorney's fees could be imposed.

All of these disciplinary weapons could have been utilized. In view of these considerations, we believe a dismissal with prejudice as to Robert Schreiner is an abuse of discretion.

Where a plaintiff totally fails to appear, as in the case of Melanie Schreiner, a dismissal with prejudice may be proper, for such a failure indicates a lack of interest in pursuing the case.

Notice of the proposed dismissal is not required in a case such as this. To some degree, a party must be charged with knowledge and, therefore, implied notice, of the consequences of his actions. *Link* v. *Wabash Railroad Co.* (1962), 370 U. S. 626, 632. Robert Schreiner, an attorney himself, and Melanie Schreiner, through her counsel, can properly be found to have implied notice that a case may be dismissed for failure to either prosecute or obey a court order, where such failure is non-appearance for a scheduled trial. Actual notice must be given where notice cannot reasonably be implied, such as where the case, though long delayed, is awaiting trial assignment; *cf. Powell* v. *Jacobs*, unreported, Court of Appeals for Lorain County, No. 2378, decided March 31, 1976.

Even if notice is required, a failure to provide notice is not reversible error. Plaintiffs had the opportunity to question the propriety of the order through a motion for a new trial and through affidavits. Robert Schreiner did so and the trial court affirmed its decision. The availability and use of this corrective remedy renders the failure to give notice harmless error; *cf. Link, supra.*

For the foregoing reasons, we modify the judgment of the trial court as hereinafter set forth. The judgment is modified to show a dismissal without prejudice as to the plaintiff, Robert Schreiner, and affirmed as to the plaintiff, Melanie Schreiner.

*Judgment modified and affirmed.*

MAHONEY and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.