OPINION
On April 28, 1997, appellant, Melvin Cook, filed a complaint against appellees, Gary and Garion Harris, for breach of contract and injuries incurred from an assault. On June 13, 1997, appellees filed an answer and appellee Gary Harris filed a counterclaim for breach of contract.
On July 2, 1997, appellees filed a notice of service of interrogatories and request for production of documents. On September 2, 1997, appellees filed a motion to compel for appellant's failure to comply with the July 2, 1997 request. By judgment entry filed September 10, 1997, the trial court granted said motion and ordered compliance within five days. Appellant filed answers to the interrogatories on September 16, 1997.
On October 10, 1997, appellees filed a motion to dismiss and for sanctions for appellant's failure to completely answer the interrogatories and produce documents. By judgment entries filed October 14 and 23, 1997, the trial court granted said motion and dismissed the complaint. The trial court ordered appellant to pay attorney fees in the amount of $350.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S CASE AS THE CASE IS REPLETE WITH ISSUES OF MATERIAL FACT, WITH DISPUTES AS TO THE DISCOVERY PROVISION, AND DUE TO THE FACT THAT THE COURT DID NOT COMPLY WITH IT'S OWN LOCAL RULE, IE. 10.03, WHICH WOULD HAVE AFFORDED FOURTEEN DAYS (14) AFTER SERVICE OF THE MOTION TO DISMISS FOR PLAINTIFF TO REPLY TO THE GROUNDLESS ASSERTIONS.
II
 THE TRIAL COURT ERRED IN NOT COMPLYING WITH THE NOTICE AND HEARING REQUIREMENTS AS LAID OUT IN QUONSET HUT, INC. V. FORD MOTOR COMPANY (1997), O.S.3d 46. APPELLANT WAS NOT INFORMED THAT DISMISSAL WITH PREJUDICE WAS A POSSIBILITY AND APPELLANT DID NOT HAVE ANY OPPORTUNITY WHATSOEVER TO DEFEND AGAINST DISMISSAL.
III
 THE TRIAL COURT CLEARLY ABUSED ITS' DISCRETION IN ITS' CAVALIER DISREGARD OF THE CODE OF JUDICIAL CONDUCT AS CONTAINED IN CANNONS' 2, 3, AND 4.
 I, II, III
Appellant claims the trial court erred in failing to have a hearing pursuant to Loc.R. 10.03 on appellees' motion to dismiss and for sanctions and in granting said motion and dismissing the case. We agree.
Appellees filed their motion to dismiss on October 10, 1997. The trial court granted the motion and dismissed the complaint on October 14, 1997.[1] Appellant argues pursuant to Loc.R. 10.03 of the Court of Common Pleas of Stark County, General Division, he had fourteen days to file an opposition:
 10:03 Within fourteen (14) days after service, each party opposing the motion shall serve and file a brief written statement of reasons in opposition to the motion and a list of citations of the authorities on which the party relies. If the motion requires the consideration of facts not appearing of record, the party shall also serve and file copies of all affidavits, depositions, photographs or documentation evidence which the party desires to submit in opposition to the motion.
On September 2, 1997, appellees had filed a motion to compel discovery claiming as follows:
 As of the filing of this Motion, Defendants have received no additional answers to their discovery request or any other communications from Plaintiff. The discovery is more than four (4) weeks overdue and the arbitration hearing is to be held in little more than three (3) weeks.
By judgment entry filed September 10, 1997, the trial court granted the motion and ordered as follows:
 Further, note deletions shall be made from the discovery or editing from the request for production of documents as may have happened with the partial response that has been previously provided. Full and complete discovery will be provided within five (5) days or the Court will consider dismissing this matter for want of prosecution. Further, this Court reserves the right to make further orders concerning the issuance of fees and costs in this matter should discovery not be provided. This Court will consider the dismissal of the within matter or further sanctions should discovery not be provided as set in this order.[2]
Appellant filed his answers to the interrogatories with the trial court on September 16, 1997. According to appellees, they received supplemental answers on October 9, 1997. On October 10, 1997, appellees filed their motion to dismiss and for sanctions claiming the following:
 There is still no reply to Interrogatory No. 21 (Plaintiff's expenses associated with his alleged personal injuries). The response to Interrogatory No. 16 is incomplete as the nature of the relevant injuries has been omitted. Interrogatory No. 17 asked for specific information on other civil suits, but no such information is given, only a vague reference to the inadequate reply given in reply to Interrogatory No. 16. Likewise, the reply to Interrogatory No. 22 is only partially responsive, as there is no description of the nature of the ailments or any reference to recovery (or lack thereof).
By judgment entry filed October 14, 1997, the trial court granted the motion and dismissed the complaint with prejudice and ordered appellant to pay attorney fees.[3]
Dismissal of a case pursuant to Civ.R. 37(B)(2)(c) is permitted however, we are guided by the Supreme Court of Ohio's interpretation of the rule in Ohio Furniture Co. v. Mindala
(1986), 22 Ohio St.3d 99, and Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46.
In Mindala at 101, the Supreme Court of Ohio held "the notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders."
In Quonset Hut at 49, Justice Pfeiffer stated when notice and an ample opportunity to explain or correct the deficiency is given, no further notices are required. The court found implied notice as opposed to actual notice to be sufficient.
The case sub judice is factually different than Quonset Hut.
In Quonset Hut, Ford requested that Quonset Hut be held in contempt for its failure to provide discovery. Quonset Hut admitted some sanction was appropriate and offered to comply by a date certain. Nearly a month after the date certain, Quonset Hut had not yet responded. In the case sub judice, appellant complied with the trial court's order by filing answers to appellees' interrogatories and then sending supplemental answers to appellees. Appellees complained the answers were insufficient and the trial court dismissed the complaint without giving appellant time to respond.
Dismissal of a case is within the trial court's sound discretion. Toney v. Berkemer (1983), 6 Ohio St.3d 455. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. In Quonset Hut at 48, Justice Pfeiffer stated:
 Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 is appropriate is the tenet that `disposition of cases on their merits is favored in the law.' Jones, 78 Ohio St. 3
d at 371, 678 N.E.2d at 534. Indeed, this court has stated that `[j]udicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds.' DeHart v. Aetna Life Ins. Co.
(1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 212, 431 N.E.2d 644, 646. Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, 505 N.E.2d 936, 944, quoting Schreiner v. Karson (1977), 52 Ohio App.2d 219, 223, 6 O.O.3d 237, 239, 369 N.E.2d 800, 803. (Citations omitted.)
Because only four days lapsed between the filing of the motion to dismiss and the granting of the dismissal and the issue revolved around whether three answers were incomplete as opposed to unanswered, we find the trial court abused its discretion in not waiting fourteen days for a response pursuant to Loc.R. 10.03.
Assignments of Error I, II and III are granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
[1] A nunc pro tunc order was filed on October 23, 1997 to add final appealable order language.
[2] Appellant does not complain this order was made within fourteen days of the motion's filing in violation of Loc.R. 10.03.
[3] The judgment entry states there was a hearing but all parties agree a hearing was not scheduled nor conducted.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed. The dismissal is vacated and the trial court is instructed to provide appellant with time to respond.