The following appeal arises from a decision by the Southwest Area Court: of Columbiana County, Ohio in which Marsha Canavan's counterclaims and third-party complaint on a breach of contract claim were dismissed pursuant to Civ.R. 41 (B) (1) and 41 (C). For the following reasons, the county court's decision is reversed and this cause is remanded.
 I. FACTS
On July 28, 1997, Roberta L. Kibler (appellee) filed a complaint in the Southwest Area Court against Marsha Canavan (appellant) for breach of contract on the purchase of a horse. Appellant filed an answer and counterclaims against appellee for breach of contract and defamation. Appellant also filed a motion to transfer the case to the court's civil docket. On September 17, 1997, the case was transferred to the civil docket with all relevant motions.
The case proceeded to trial on March 24, 1998. Appellee and appellee's attorney were present. Appellant's attorney faxed a letter to the court prior to the trial to notify it that he could not attend the trial due to a scheduling conflict, but appellant would be available to represent herself. Appellant arrived twenty minutes lace for trial due to an alleged difficulty locating the court. Prior to appellant's appearance, appellee moved the court to dismiss all of appellant's claims for failure to prosecute and for judgment on appellee's complaint. The court dismissed appellant's claims pursuant to Civ.R. 41 (B) (1) and 41 (C) and entered judgment in appellee's favor on her complaint. Appellant filed a motion to reconsider the counterclaims, but the court denied the motion. The court filed its judgment entry on April 17, 1998. Appellant filed notice of appeal to this court on May 15, 1998.
 III. ASSIGNMENTS OF ERROR
Appellant raises two assignments of error on appeal. Due to H the commonality of the issues, they will be considered together herein. Appellant's first assignment of error reads:
 "THE COURT ERRED IN DISMISSING MARSHA CANAVAN'S CLAIMS PURSUANT TO CIVIL RULE 41 (B) (1) WITHOUT NOTICE AND AN OPPORTUNITY TO EXPLAIN HER ACTIONS."
Appellant's second assignment of error reads:
 "THE COURTS GRANT OF JUDGMENT AGAINST APPELLANT, WITHOUT CONSIDERATION OF A LESSER SANCTION CONSTITUTED AN ABUSE OF DISCRETION."
 A. STANDARD OF REVIEW
The power to dismiss a case pursuant to Civ.R. 41 (B) (1) is within the sound discretion of the trial court; however, the court does not have unbridled authority to impose this harsh sanction.Gooslin v. Fortado (1992), 80 Ohio App.3d 373, 375; Dever v.Lambert Ford. Inc. (May 9, 1990), Summit App. No. 14388, unreported, at 4. An abuse of discretion will be found where the trial court has not considered other less drastic alternatives.Schreiner v. Karson (1977), 52 Ohio App.2d 219, 222-223; Gooslin,supra.
 "* * * [A] trial judge's lack of patience is understandable. A dismissal with prejudice, however, is an extremely harsh sanction. It affects not only the suit dismissed but, because it acts as a decision on the merits, also controls questions of fact in other related cases. The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. * * *" Schreiner, supra at 222-223.
 B. LAW
Civ.R. 41 (B) (1) provides:
 "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
Civ.R. 41 (C) reads:
 "The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third party claim. A voluntary dismissal by the claimant alone pursuant to subdivision (A) (1) of this rule shall be made before the commencement of trial."
Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41 (B) (1). Logsdon v. Nichols (1995),72 Ohio St.3d 124, 129. Thus, "[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date * * *." Id. at 128; McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. The purpose of notice is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Id. at 357; Metcalf v.Ohio State Univ. Hose. (1981), 2 Ohio App.3d 166. Notice allows the dismissed party to explain the circumstances causing his or her nonappearance. Logsdon, supra at 128; McCormac, supra at 357. Likewise, under the provisions of Civ.R. 41 (C), a defendant is entitled to notice prior to dismissal of her claims for affirmative relief, in order to afford her an opportunity to explain or correct her nonappearance, or to explain why her claims should not be dismissed on the merits. Ford Motor Credit Co. v.Potts (1986), 28 Ohio App.3d 93, 95.
The Tenth District Court of Appeals explained the policy behind Civ.R. 41 in Potts, supra:
 "It seems to us preferable that the party be given notice and an opportunity to bring such circumstances to the court's attention prior to the rendering of a judgment against him on the merits, rather than requiring the court and the parties to untangle the situation later through a motion for relief from judgment or an appeal. Giving this defendant notice will afford her only an opportunity to explain the circumstances of her nonappearance — there is no requirement that the court relieve her of the consequences of her nonappearance, if it was inexcusable. The burden will be upon her to explain why her case should not be dismissed for failure of prosecution, or at least why any dismissal should be without prejudice. And, should the trial court accept her explanation that her nonappearance did not amount to failure of prosecution, it may still deem a lesser sanction than dismissal warranted — for example, ordering defendant to pay the expenses of the other parties, incurred as the result of her nonappearance." Id.
 C. ANALYSIS
In the case sub judice, appellant's attorney was unable to represent her on the date set for trial because of a scheduling conflict. Thus, appellant's attorney notified the trial court via facsimile that appellant would be representing herself in the matter. However, appellant allegedly had difficulty locating the court and as a result was late for the trial. In appellants apparent absence, appellee orally motioned the court to dismiss appellant's counterclaims against appellee for failure to prosecute pursuant to Civ.R. 41 (B) (1) and 41 (C) and for judgment on appellee's complaint. The trial court determined that appellant failed to prosecute her claims and accordingly granted appellee's motions. Appellant was not given an opportunity to defend the motion to dismiss nor was she notified of such action prior to the case being dismissed.
The county court abused its discretion by dismissing appellant's case without notice for failure to prosecute when appellant and her counsel failed to appear for trial on the assigned trial date. See, Logsdon v. Nichols (1995), 72 Ohio St.3d 124,129. There does not appear to be any evidence in the record which would warrant dismissing appellant's claims with prejudice. The record does not reveal any evidence to indicate that appellant was negligent, irresponsible, contumacious or dilatory. See Schreiner, supra at 222-223. Appellant and her attorney filed affidavits with the court explaining that their respective absences were not in bad faith or with intent to delay the trial. Appellant also explained that she arrived only twenty minutes late because she was unfamiliar with the Southwest Area Court. of equal importance is the fact that appellant had fully complied with all court orders and discovery requests prior to trial. Moreover, the trial court did not consider less drastic alternatives before dismissing appellant's counterclaim with prejudice. Such failure to consider less harsh sanctions constitutes an abuse of discretion. See Schreiner, supra at 222-223. Appellant's first and second assignments of error are with merit.
For the foregoing reasons, the county court's decision is reversed and this cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Cox, P.J., concurs.
Waite, J, concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE