Defendant-appellant, Wayne E. Harris, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing three of defendant's motions with prejudice pursuant to Civ.R. 41(B)(1).
Defendant and plaintiff-appellee, Susan L. Harris, were married in June of 1978 and have one child from that marriage, Andrew, born in October of 1986. The parties' marriage was dissolved in December of 1989 pursuant to a separation agreement entered into by the parties. As part of that separation agreement, plaintiff was to have custody and control of Andrew, and defendant was to have liberal and reasonable visitation provided he supply plaintiff with twenty-four hour notice of any planned visitation. Defendant also agreed to pay child support in the amount of $450 per month.
Beginning in 1995, the parties began to encounter difficulties over custody, visitation and support issues. After much litigation, on August 19, 1996, defendant filed a motion to appoint a guardian ad litem to represent the interests of the parties' child. In a magistrate's order dated November 24, 1997, a guardian ad litem was appointed. Both plaintiff and defendant were ordered to pay $400 each for guardian ad litem
fees, and plaintiff timely made the deposit. Because defendant had not made the required payment, the magistrate on February 27, 1998, again ordered defendant to deposit $400 by March 19, 1998.
By March 23, 1998, defendant still had not made the required deposit. Given defendant's failure to comply with the order, plaintiff filed a motion pursuant to Civ.R. 41(B)(1), seeking dismissal of defendant's pending motions for contempt and for a shared parenting plan. Defendant, pro se, filed a response to plaintiff's motion to dismiss on April 7, 1998.
On April 20, 1998, plaintiff's motion to dismiss was heard before a magistrate. Present but not represented by counsel, defendant admitted that he had not made the payment the magistrate had previously ordered, but stated he did not have the ability to make payments even on a payment plan. After the hearing, the magistrate issued a decision granting plaintiff's motion to dismiss because defendant not only had failed to obey the court order requiring him to pay $400, but had not demonstrated any inability to pay. The trial court adopted the magistrate's decision, dismissing all of defendant's motions with prejudice.
Defendant filed objections to the magistrate's decision. While the objections were untimely, the trial court considered them and overruled all of them. Defendant filed a timely notice of appeal from the dismissal of his pending motions, assigning the following errors:
 I. THE COURT OF COMMON PLEAS, FRANKLIN COUNTY OHIO, DIVISION OF DOMESTIC RELATIONS ERRED ISSUING THE JUDGMENT ENTRY ADOPTING THE MAGISTRATE'S ORDER DISMISSING ALL PENDING MOTIONS WITH THE CONDITIONING OF WITH PREJUDICE.
 II. THE COURT FAILED TO GIVE PROPER NOTICE OF THE COURTS [sic] INTENT TO CONDITION THE DISMISSALS WITH PREJUDICE.
Because both assignments of error are interrelated, and because defendant has not argued the assignments of error separately, we consider them jointly. Together they assert the trial court erred in dismissing defendant's motions with prejudice and without proper notice.
The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47. An abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. Id. While a heightened scrutiny is utilized when reviewing a dismissal with prejudice, the action of the trial court will be affirmed when "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." Id. at 48, quoting Tokles Son, Inc. v.Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, quotingSchreiner v. Karson (1977), 52 Ohio App.2d 219, 223.
Civ.R. 41(B)(1) governs involuntary dismissals, and states that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiffs counsel, dismiss an action or claim." A party has notice of an impending dismissal with prejudice when it "has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal."Quonset Hut, supra, at 49. The purpose of the notice requirement is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Id. at 48, quoting Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128. The notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice. Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99,101.
In Quonset Hut, the Supreme Court found that the plaintiff there was on notice that its action could be dismissed because its counsel was aware a motion to dismiss had been filed, and plaintiff had filed a responsive motion to the motion to dismiss. Here, defendant does not argue that he did not receive plaintiff's motion to dismiss. Moreover, defendant was given a reasonable opportunity to defend against dismissal in that he filed a responsive memorandum to plaintiff's motion and he further argued at the hearing on plaintiff's motion to dismiss that his motions should not be dismissed.
While, unlike Quonset Hut, plaintiff's motion did not request dismissal "with prejudice," dismissals under Civ.R. 41(B)(1) generally are with prejudice unless the court specifies otherwise. Civ. R. 41(B)(3); Kenimer v. Copiers, Etc., Inc.
(Feb. 25, 1997) Franklin App. No. 96APE07-892, unreported (1997 Opinions 453). Moreover, at the oral hearing on plaintiff's motion, plaintiff concluded by requesting dismissal with prejudice, and defendant was given an opportunity to respond. Under those circumstances, coupled with the holding of QuonsetHut, defendant was given notice that dismissal with prejudice was a possibility, and further was provided the opportunity to defend against it.
Given these facts, defendant received notice in accordance with Civ.R. 41(B)(1). By receipt of the motion to dismiss, defendant was put on notice that his motions could be dismissed. Moreover, he had a reasonable opportunity to defend against dismissal at the hearing before a magistrate. Finally, defendant's dilatory conduct provided substantial grounds for the trial court's action in this case: he refused to make the required guardian ad litem payment for over four months even though he requested the appointment of a guardian ad litem.
Accordingly, the trial court did not abuse its discretion in dismissing defendant's pending motions with prejudice.
Defendant's two assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER, J., and LAZARUS, P.J., concur.