This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments to this court. Plaintiff-Appellant, Robert Allen (hereinafter "Allen"), appeals the decision of the Carroll County Court of Common Pleas dismissing Allen's action against Defendant-Appellees, Colfor Manufacturing, Inc. (hereinafter "Colfor") and the Administrator of Ohio's Bureau of Workers' Compensation (hereinafter "Administrator"), with prejudice pursuant to Civ.R. 41(B)(1). The issues before us are whether: 1) dismissing an action with prejudice for a discovery violation is an abuse of discretion; and, 2) proper notice was given to the Plaintiff prior to the dismissal of the action with prejudice. Because we conclude Allen's conduct was not so dilatory as to provide substantial grounds for dismissal with prejudice, and that the trial court abused its discretion by doing so, we reverse the trial court's decision and remand this cause for further proceedings.
Allen was employed by Colfor when, on June 16, 1998, he injured his back in the course of his employment. Allen filed a workers' compensation claim for "lumbrosacral strain" which was allowed. He later moved to have a claim for "L5-S1 disc herniation without radiculopathy" allowed as well. This claim was denied at all administrative levels. Accordingly, Allen filed a complaint in the trial court on November 9, 1999, pursuant to R.C. 4123.512.
On August 22, 2000, as a result of an August 17, 2000 pre- trial hearing, the trial court ordered Allen to appear for two medical exams; the first on September 1, 2000, with Dr. Dorfman and the second on September 11, 2000, with Dr. Kolarik. Allen wished both appointments to be held on September 11, 2000. However, Allen did not inform the court of this fact and his attempts to directly contact the doctor and the attorney general's office to change the September 1, 2000 appointment failed. Allen did not attend the September 1, 2000 medical exam. As a result, the Administrator moved for a second order compelling Allen to appear for an independent medical exam by Dr. Dorfman. On November 1, 2000, the trial court sustained that motion and ordered the Administrator to schedule a new appointment and advise Allen's counsel, and ordered Allen to reimburse the Administrator for attorney's fees and the missed appointment fee. Furthermore, the court stated, "Failure to comply with this order or any further order of this Court may result in dismissal of this action." The Administrator never rescheduled the medical exam with Dr. Dorfman and Allen only paid a portion of the fees he was ordered to pay.
Citing Allen's failure to comply with the November 1, 2000 order of the court, on February 12, 2001, the Administrator moved the trial court to dismiss the suit pursuant to Civ.R. 41(B)(1). Allen responded to this motion on February 26, 2001. On March 23, 2001, the trial court granted the motion and dismissed the matter with prejudice.
Allen presents two assignments of error:
 "The trial court abused it's [sic] discretion by dismissing, with prejudice, Appellant's claims for failure to comply with a discovery court order when other, less harsh and alternative, sanctions were available."
 "The trial court abused its discretion by failing to provide adequate notice to Appellant that his case would be dismissed with prejudice for failure to comply with a court order."
Although we find Allen had adequate notice of the possibility of dismissal, we find the trial court abused its discretion when it dismissed Allen's claims with prejudice. Accordingly, we reverse its decision and remand the cause for further proceedings.
When a party fails to comply with a trial court's discovery order, the trial court has a variety of actions it may take, up to and including dismissal of the action. Civ.R. 37(B)(2). When considering dismissal under Civ.R. 37(B)(2), a trial court may take into account the entire history of the litigation. Sazima v. Chalko (1999), 86 Ohio St.3d 151,158, 712 N.E.2d 729. "Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 is appropriate is the tenet that `disposition of cases on their merits is favored in the law.'" Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,48, 684 N.E.2d 319, quoting Jones v. Hartranft (1997), 78 Ohio St.3d 368,371, 678 N.E.2d 530. This sanction is reserved for instances when a party's conduct is substantially unreasonable and evidences a complete disregard for the rights of the opposing party or the judicial system.Sazima at 158. "Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice." Id. Despite this heightened scrutiny, an appellate court should not hesitate to affirm the dismissal of an action when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Tokles Son, Inc. v. MidwesternIndemn. Co. (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, quotingSchreiner v. Karson (1977), 52 Ohio App.2d 219, 223, 6 O.O.3d 237,369 N.E.2d 800.
The decision to dismiss a case for failure to comply with a trial court's discovery order is within the sound discretion of the trial court and will only be reversed if that court has abused its discretion.Quonset at 47. The term "abuse of discretion" connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. However, that discretion must be carefully and cautiously exercised before an appellate court will uphold an outright dismissal of a case on purely procedural grounds. DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644.
If the trial court chooses to dismiss an action pursuant to Civ.R. 37(B)(2), then it must comply with Civ.R. 41(B)(1). Ohio Furniture Co.v. Mindala (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 488 N.E.2d 881.
"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1).
"The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default." Sazima at 155. The notice given pursuant to Civ.R. 41(B)(1) need not be actual notice. Id. at 155-156. Rather, notice will be implied when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. Quonset at syllabus.
In his assignments of error, Allen asserts the trial court's dismissal was incorrect for two reasons: 1) he was not properly notified of the possibility of dismissal with prejudice and 2) dismissal with prejudice was an improper sanction for Allen's actions. Of course, Allen's failure to attend a rescheduled examination with Dr. Dorfman could not be the basis for the trial court's dismissal as the Administrator never rescheduled that examination as ordered by the trial court.
Although Allen argues to the contrary, he clearly had notice of the possibility that his case could be dismissed without prejudice. The trial court's November 1, 2000 judgment entry states, "Failure to comply with this order or any further order of this Court may result in dismissal." Furthermore, when the Administrator filed its motion to dismiss it asked for a dismissal with prejudice. Allen filed a response to that motion two weeks later. This demonstrates Allen knew dismissal was a possibility and he had a reasonable opportunity to defend against dismissal. Pursuant toQuonset, the notice given to Allen complied with Civ.R. 41(B)(1). Thus, Allen's second assignment of error is meritless.
In the remainder of his brief, Allen argues dismissal with prejudice was an inappropriate sanction because he was willing to comply with the court order. The Administrator argues Allen "willfully disobeyed" the trial court's order and his "continued flaunting of the court's authority" required dismissal pursuant to Civ.R. 41(B)(1).
When reviewing the entire history of this litigation, it is apparent Allen has not followed the trial court's orders as diligently as he should have. The trial court ordered him to go to the initial examination with Dr. Dorfman. Allen tried to reschedule that appointment himself, rather than going through counsel, and was not successful in doing so. Knowing it was not changed, he still chose not to go to the appointment. Likewise, in its November 1, 2001 entry, the trial court ordered Allen to reimburse the Administrator eight hundred and fifty dollars for attorney's fees and the appointment cancellation fee. As of March 23, 2001, the date of dismissal, Allen had failed to fully reimburse the Administrator. However, in its November 1, 2000 entry the trial court did not set a date by which Allen had to pay.
Furthermore, the motions to compel arose out of the Administrator's desire for Dr. Dorfman to make a medical examination of Allen, yet the Administrator admittedly never rescheduled that appointment as ordered by the court. Incredibly, at oral argument counsel for the Administrator argued that even if it had complied with the trial court's order and set a second appointment and Allen did attend — a dismissal would still have been sought for failure to pay the attorney fees. Finally, the trial court had not set a trial date at the time it dismissed the action, leaving plenty of time for further discovery.
We sympathize with the trial court's frustration over both parties' failure to comply with its orders and we chide both parties for their inaction. Allen's dilatory conduct could help provide the basis for a motion to dismiss pursuant to Civ.R. 37(B)(2)(c) sometime in the future and may be the basis for other, lesser sanctions at this time. However as the Administrator's conduct evidences, Allen's actions have not prejudiced the Administrator. Thus, in the interest of deciding cases on their merits rather than dismissing them on procedural grounds, we find Allen's actions were not so dilatory as to provide substantial grounds for a dismissal with prejudice on procedural grounds. Allen's first assignment of error is meritorious.
Accordingly, we find the trial court's decision to dismiss Allen's action was an abuse of discretion. The trial court's decision is reversed and this cause is remanded for further proceedings.
Donofrio, J., and Waite, J., concur.