OPINION
{¶ 1} Mr. Mrs. Isbel are appealing from the decision of the Common Pleas Court of Montgomery County, Ohio, granting the defendants' motion to dismiss the plaintiffs' entire case due to failure of plaintiffs to prosecute. The facts and the decision of the trial court are set forth as follows:
 {¶ 2} "This Court previously granted the Defendants' Motion to Dismiss Counts VIII, IX and X, but denied the Motion to Dismiss Claims I through VII. Both prior to and subsequent to that Decision, the Defendants moved that the case be dismissed for want of prosecution. On July 25, the Court held a hearing on the motions, took testimony, and admitted certain exhibits.
 {¶ 3} "Civ.R. 41(B)(1) states, in relevant part: `Where the Plaintiff fails to prosecute, or comply with these rules or any court order, the Court, upon motion of the Defendant or on its own motion may, after notice to Plaintiffs' counsel, dismiss an action or claim.'
 {¶ 4} "It is certainly a basic tenet of Ohio jurisprudence that cases should be decided on their merits whenever possible.Perrotti v. Ferguson (1983), 7 Ohio St.3d 1, 3. Notice and the opportunity to be heard are the two essential elements of due process. State v. Edwards (1952), 157 Ohio St. 175. The Plaintiffs in this case were given notice on several occasions of the attempts by the Defendants to have the case dismissed for want of prosecution, there were responses to these motions by the Plaintiffs, and a hearing was held with counsel present and the opportunity to call witnesses and introduce exhibits. This is to be contrasted, for example, with Sutherland v. Trotwood/MadisonBoard of Education, et al., (March 29, 2002), Montgomery App. No. CA 19107.
 {¶ 5} "When considering dismissal, a trial court may take into account the entire history of the litigation. Sazima v.Chalko (1999), 86 Ohio St.3d 151. A dismissal should be reserved for instances when a party's conduct is substantially unreasonable and evidences a complete disregard for the rights of the opposing party or the judicial system. A court should consider whether the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for dismissal with prejudice for failure to prosecute or obey a court order. Tokles and Son, Inc., v.Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621, 632, quotingSchreiner v. Karson (1977), 52 Ohio App.2d 219, 223.
 {¶ 6} "The record of this case speaks for itself. However, the Court specifically notes that the instant case is a refiling of Montgomery County Common Pleas Case No. 00-5744 which was filed on December 6, 2000. Discovery was not supplied by the Plaintiffs in that case and the Defendants filed a Motion to Compel, but the Plaintiffs filed a Notice of Dismissal Without Prejudice on October 15, 2001, prior to the Court's ruling on the Motion to Compel. Despite the fact that no discovery was supplied in the first case, the matter was refiled on August 12, 2002. The Court issued a Pretrial Scheduling Order and very soon thereafter Motions to Compel had to be filed by the Defendants. As just one example, on February 6, 2003, the Court granted one of the Motions to Compel and ordered the Plaintiffs to respond by a date certain and deferred a hearing on the amount of the attorney fees which were to be awarded to the Defendants.
 {¶ 7} "The Court adopts the facts detailed in the Defendants' motions and the testimony of Attorney Shufflebarger at the hearing in July. The Court has probably waited too long to make this decision in the hope that reasoned discourse or, at least, the Civil Rules would prevail and discovery would have been provided and the Court's orders obeyed; whether or not such late compliance would have resulted in a different conclusion is academic since, as far as the records reflects, there still has been no compliance or prosecution of the claim.
 {¶ 8} "The Motions of the Plaintiffs to Dismiss With Prejudice pursuant to Civ.R. 41(B)(1) are GRANTED and the case is dismissed with prejudice. The Court will issue a separate order establishing a date to determine the amount of the sanction to be imposed upon the Plaintiffs." (Docket 46).
 {¶ 9} The plaintiffs-appellants bring the sole assignment of error that the court erred in dismissing their case.
 {¶ 10} The court in its decision noted that "the record of this case speaks for itself." We have carefully read the entire record and the court's statement is certainly true. The court noted that it adopted the facts detailed in the defendants' motions. We have read those motions (Dockets 29, 33, and 38) and we note that they recite and reaffirm a complete chronological litany of the facts detailed in the plaintiffs' lack of prosecution. Likewise, we have read the transcript containing the testimony by Attorney Shufflebarger, also adopted by the trial court, which comprises the latest recitation of the plaintiffs' failure to respond or actually prosecute the case. For example, she testified that "typically no response was received [from the attorney for the plaintiffs] on anything I ever sent [including her request for inspection of the house]." (Tr. 10). She attempted several times to take a deposition of the two plaintiffs but continued to receive resistance from their attorney on the subject. At the end of the hearing, the plaintiffs' attorney even admitted that he "was not as responsive as I perhaps should have been" and apologized to the court and defense counsel. (Tr. 65-66).
 {¶ 11} At the hearing one of the defendants, Andy Conley, testified that the defendants had made many trips to his house and actually thought everything had been done, stating "we made an agreement with the guy and we thought they were done." (Tr. 40-43).
 {¶ 12} We find from the record that the plaintiffs and their attorney were given ample and timely notice that their case could be dismissed for failure to prosecute and taking into account the entire history of the litigation, as the trial court did, dismissal was certainly justified on the facts recited by the trial court and presented in the record. The court did not abuse its discretion. We hereby approve of and adopt the quoted decision of the trial court as our own. The sole assignment of error is overruled and the judgment is affirmed.
Fain, P.J. and Brogan, J., concur.