DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Wanda Knight, appeals the decision of the Lorain County Court of Common Pleas granting Appellee's, Jan Nowak, motion to dismiss the complaint as a discovery sanction. We affirm.
 {¶ 2} Appellant filed her complaint on June 26, 2001. On October 4, 2001, Appellant, although duly noticed, failed to appear for her deposition. Appellee filed a motion to dismiss the complaint for failure to appear, or in the alternative, a motion to compel attendance and for sanctions. On March 5, 2002, the trial court, after a hearing, granted Appellee's motion in part, noting that "[Appellant's] failure to appear for her deposition was not substantially justified" and "[she] failed to appear in person for the hearing on the motion to dismiss and/or for sanctions." Appellant was ordered to deposit $2,500.00 with the clerk, which she did after receiving an extension of time in which to do so.
 {¶ 3} Appellant filed numerous requests for continuances which the trial court granted. Together with Appellee, she filed two requests to enlarge the time to conduct discovery. On June 20, 2002, Appellant failed again to appear for her deposition. Thereafter, Appellee again filed a motion to dismiss. On July 9, 2002, Appellant failed to personally appear for a pretrial conference. Thereafter, the parties entered into an arbitration hearing. The arbitration hearing had been rescheduled once per Appellant's request and continued once per Appellee's request. When the arbitration hearing was concluded, the arbitrators awarded judgment to Appellee. Appellant appealed. The trial court set a date for a pretrial. Appellant filed a motion to continue the pretrial, which the trial court denied. The case then was referred to mediation. The parties could not come to an agreement. The trial court held a hearing on all pending motions and on August 11, 2004, granted Appellee's motion to dismiss for failure to appear.
 {¶ 4} Appellant brings two assignments of error for our review. For ease of discussion, we will address the assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court deprived Appellant, Wanda Knight, of due process when it dismissed her Complaint without prior notice as required by Civ.R. 41(B)(1)."
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion in dismissing Appellant[']s, Wanda Knight, Complaint."
 {¶ 5} In her two assignments of error, Appellant maintains that the trial court abused its discretion in dismissing her complaint without giving prior notice as required under Civ.R. 41(B)(1). We disagree.
 {¶ 6} In September 2001, Appellant was noticed that Appellee intended to take her deposition on October 4, 2001. Appellant failed to appear at the deposition. Appellee filed a motion to dismiss and a motion for sanctions. On March 5, 2002, the court awarded sanctions in favor of Appellee. The court ordered Appellant to deposit $2,500.00 with the clerk of the court on or before April 6, 2002, and informed Appellant that failure to do so would result in dismissal of her case. Appellant did deposit the sum after she was granted an extension of time in which to do so.
 {¶ 7} Thereafter, Appellee noticed Appellant for a deposition on June 10, 2002. Appellant's counsel informed Appellee's counsel that he had a conflict on that date. They agreed to move the deposition to June 20, 2002. Appellant had a conflict on June 20, 2002, due to a doctor's visit. Appellant informed Appellee that she could not attend the June 20, 2002, deposition and provided several other dates that she would be available to have her deposition taken including: June 24, June 25, June 26, June 27, June 28, July 1, July 2, and July 3. Appellant filed a protective order to prevent her deposition from going forward on June 20. The trial court denied Appellant's motion for a protective order approximately eleven minutes before the deposition was scheduled to begin. Appellant did not appear.
 {¶ 8} On July 1, 2002, Appellee's counsel sent notice to Appellant's counsel that he had scheduled Appellant's deposition for July 8, 2002, a date that Appellant would be traveling out of the country for business. Appellant's counsel informed Appellee's counsel of the conflict. Appellant's counsel telephoned Appellee's counsel and also sent a letter stating that Appellant would be available on July 2, 3, 5, or 6 to have her deposition taken, but not on July 8. On July 3, 2002, Appellee's counsel filed a motion to dismiss Appellant's complaint for failure to appear at the June 20, 2002, deposition and a motion for sanctions. Appellant's deposition was ultimately taken on July 6, 2002.
 {¶ 9} Civ.R. 37(D) provides a one-step method for immediate imposition of sanctions when a party fails to appear at a properly noticed deposition. Dafco Inc. v. Reynolds (1983), 9 Ohio App.3d 4. Among the sanctions that may be imposed is dismissal of the complaint. In this case, Appellant failed twice to appear at a properly noticed deposition. The first time, the court imposed monetary sanctions. On the second occasion, the trial court dismissed the complaint.
 {¶ 10} Appellant claims that she did not receive proper notice as required under Civ.R. 41 before the trial court dismissed her complaint. We disagree. Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 11} "[T]he notice required by Civ.R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances." QuonsetHut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 49, citing Logsdonv. Nichols (1995), 72 Ohio St.3d 124, 129. On the first occasion Appellant failed to appear for her deposition, Appellee filed a motion to dismiss. The trial court denied the first motion to dismiss but awarded sanctions to Appellee and informed Appellant that failure to comply with the sanctions would result in dismissal. After Appellant did not appear for her second scheduled deposition, Appellee filed a second motion to dismiss. Appellee's motion to dismiss, and the trial court's numerous notices that it was conducting a hearing on the motion to dismiss, put Appellant on notice that dismissal was a distinct possibility.
 {¶ 12} The purpose of requiring notice is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Sazima v.Chalko (1999), 86 Ohio St.3d 151, 155, quoting Logsdon, 72 Ohio St.3d 124, at 128. Appellant filed two motions in opposition to Appellee's second motion to dismiss her complaint. In her motions, Appellant made an effort to explain her default and attempted to persuade the trial court not to dismiss her case. The trial court was not persuaded by Appellant's arguments and found that Appellant's actions could "only be described as bad faith, * * * and reflect[ed] a willful pattern of evasiveness which is not negated by [her] eventual submission to a deposition." The trial court thereupon dismissed Appellant's complaint.
 {¶ 13} We review a trial court's decision to dismiss a complaint under Civ.R. 41(B) for an abuse of discretion. Schreiner v. Karson (1977),52 Ohio App.2d 219, 222. Thus, we will not reverse the trial court's judgment unless we find that the decision was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 14} In selecting the sanction that is most appropriate, a trial court should look to a number of factors, including the history of the case, the facts and circumstances surrounding the failure to appear, the length of time and the opportunities provided to the non-complying party, and other factors the court deems to be appropriate. Russo v.Goodyear Tire Rubber Co. (1987), 36 Ohio App. 3d 175, 178. "With the background of the noncompliance in mind, the trial court must then weigh the severity of the violation and balance it against the degree of possible sanctions." Id. An appellate court reviews a trial court's selection of sanctions only to determine whether a trial court examined the proper factors and did not act arbitrarily. Id, at 179.
 {¶ 15} Although a trial court has broad discretion to impose sanctions, dismissal is a harsh remedy which should be imposed only when the actions of the defaulting party create "a presumption of willfulness or bad faith." Loynd v. Scott Molders, Inc. (1990), 62 Ohio App.3d 888,894, quoting Goodyear Tire Rubber Co., 36 Ohio App.3d at 179. In this case, the trial court pointed out in its journal entry the numerous extensions and continuances it had granted to Appellant along with previous occurrences of non-compliance. The trial court determined that Appellant acted in bad faith and displayed a "willful pattern of evasiveness[.]"
 {¶ 16} We do not find that the trial court's decision to dismiss Appellant's complaint was arbitrary or unconscionable. The trial court considered the case history, the circumstances surrounding Appellant's failure to appear, the concessions previously made to her, and determined that Appellant's actions displayed bad faith. We do not find that the trial court abused its discretion in dismissing Appellant's complaint.
 {¶ 17} We overrule Appellant's two assignments of error and affirm the decision of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J. concurs