[Cite as *Select Portfolio Servicing, Inc. v. Milosevic*, 2012-Ohio-3370.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 97613 and 97874

---

# SELECT PORTFOLIO SERVICING, INC.

### PLAINTIFF-APPELLANT

vs.

# SELIMIR MILOSEVIC

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-760143

**BEFORE:** Blackmon, A.J., Boyle, J., and, Keough, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEY FOR APPELLANT**

Matthew J. Richardson
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, Ohio 43216

**ATTORNEY FOR APPELLEE**

John F. Albu
2009 Mayview Avenue
Cleveland, Ohio 44109

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Select Portfolio Servicing, Inc. ("Select") appeals the trial court's dismissal of its complaint and assigns the following three errors for our review:

**I.   The trial court erred when it dismissed sua sponte Select's complaint with prejudice because Mr. Milosevic's discharge in bankruptcy is not one of the limited circumstances that permits a court to dismiss a complaint sua sponte with prejudice.**

**II.   The trial court erred when it treated Mr. Milosevic's "Notice of Discharge" either as a motion to dismiss or as a motion for summary judgment and then improperly dismissed Select's claims with prejudice.**

**III.   The trial court abused its discretion when it denied Select's Civ.R. 60(B) motion on the basis of Select's alleged failure to produce a document that cannot exist and which is irrelevant to a declaratory judgment action.**

{¶2} Having reviewed the record and pertinent law, we reverse  the trial court's decision and remand for further proceedings consistent with this opinion.  The apposite facts follow.

## Facts

{¶3} On May 18, 2008, appellee Selimir Milosevic ("Milosevic") executed and recorded a quitclaim deed to Select on property located at 3516 West 47th Street, Cleveland, Ohio.  Select had placed a judgment lien on the property for an unpaid debt.

{¶4} Select claims that it was unaware of the quitclaim deed until early 2011 when it received a bench warrant stemming from alleged code violations on the property. Select filed a complaint for declaratory judgment to determine the rights of the parties

under the quitclaim deed. Specifically, Select argued that Milosevic had fraudulently deeded the property to Select without Select's knowledge in order to avoid liability for property taxes and code violations.

{¶5} Milosevic filed an answer to the complaint, denying the allegations and argued that his discharge in bankruptcy on December 13, 2007, in which Select was listed as a creditor, was a defense to Select's complaint for declaratory judgment. He simultaneously filed a copy of his notice of the discharge in bankruptcy. The trial court subsequently dismissed Select's complaint with prejudice.

{¶6} Select appealed the court's order and also filed a motion for relief from judgment with the trial court arguing that it was not attempting to collect on a previously discharged debt, but was seeking a declaration as to title to the property. This court granted Select's motion for a limited remand to allow the trial court to rule on the motion. The trial court denied Select's motion for relief from judgment, stating in pertinent part: "Plaintiff has failed to produce an order from Federal Bankruptcy Court which releases plaintiff from the list of scheduled creditors which plaintiff is listed pursuant to defendant's bankruptcy discharge." Judgment Entry, January 19, 2012.

## Dismissal With Prejudice

{¶7} Select's first and second assigned errors concern the trial court's sua sponte dismissal with prejudice of its declaratory judgment action; consequently, they will be addressed together. Select argues that Milosevic's discharge in bankruptcy does not sustain nor justify the trial court's dismissal of its case.

**{¶8}** In dismissing Select's case, the trial court held the following:

**Pursuant to defendant Selimir Milosevic's discharge in bankruptcy, U.S. Bank Ct. #07-16743; and this discharge which includes creditor Select Portfolio Servicing, the plaintiff herein; and his notice of discharge in bankruptcy filed with this court on 10-11-11, which no opposition or response has been filed by plaintiff; this case is dismissed with prejudice.** Trial Court Entry, October 31, 2011.

**{¶9}** A trial court may sua sponte dismiss a claim with prejudice only under limited circumstances. *Tokles & Sons, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992). A court may dismiss a claim when the party asserting it fails to prosecute its action or fails to comply with the Civil Rules or a court order. Civ.R. 41(B)(1), (C). "The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." *Schreiner v. Karson*, 52 Ohio App.2d 219, 223, 369 N.E.2d 800 (9th Dist.1977).

**{¶10}** There is no evidence that Select failed to prosecute its declaratory judgment action, failed to comply with the Civil Rules, or failed to obey a court order. Also, there is no evidence that Select's conduct was "negligent, irresponsible, contumacious or dilatory." Therefore, there were no grounds to support the trial court's decision to sua sponte voluntarily dismiss the declaratory judgment action with prejudice.

**{¶11}** Select's sole issue in its action was a request to the trial court to declare who had title to the property. Select was not seeking to collect on the previously discharged debt. Moreover, the discharge in bankruptcy was granted on December 13,

2007, five months prior to Milosevic quit-claiming the deed to Select. "A discharge in bankruptcy under Section 727(a), Title 11, U.S.Code 'discharges the debtor from all debts that arose before the date of the order of relief.'" *J & B Fleet Indus. Supply, Inc. v. Miller*, 7th Dist. No. 09 MA 173, 2011-Ohio-3165, ¶ 49, citing to 11 U.S.C. 727(b). Accordingly, the discharge of bankruptcy did not affect or determine the validity of Milosevic's transferring the property via quitclaim deed five months later. Consequently, Select's first and second assigned errors have merit.

{¶12} Based on our disposition of Select's first and second assigned errors, Select's third assigned error, in which Select argued that the trial court erred by denying its motion for relief from judgment, is moot and need not be addressed. App.R. 12(A)(1)(c).

{¶13} Judgment reversed and remanded.

It is ordered that appellant recover from appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KATHLEEN ANN KEOUGH, J., CONCUR